**Eva R. CARRASCO, Appellant,**

v.

**Joann H. GOATCHER, M. D., Appellee.**

**No. 7030.**

Court of Appeals of Texas,
El Paso.

Oct. 14, 1981.

Pearson, Warach & Wales, Robert B. Wales, El Paso, for appellant.

Peticolas, Luscombe, Stephens & Windle, W. C. Peticolas and J. Morgan Broaddus, III, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is a medical malpractice case in which the Defendant doctor received a favorable jury verdict in the trial Court below and from which the Plaintiff patient appeals. The parties will be referred to as they were in the trial Court. Plaintiff urges two points of error, the first concerning venue and the second, factual insufficiency. We affirm.

Plaintiff's first point avers that the trial Court erred in overruling its application for change of venue. The application essentially asserted that a climate of bias and prejudice obtained in favor of the Defendant doctor in Culberson County.

Rule 257, Tex.R.Civ.P., provides in substance that a change of venue may be granted upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which suit is pending,

for certain specified causes as set forth therein.

■ The granting or refusing of an application for change of venue will not be disturbed absent an abuse of discretion. *Glover v. Moore,* 544 S.W.2d 777 (Tex.Civ. App.—Eastland 1976, no writ); *Henson v. Tom,* 473 S.W.2d 258 (Tex.Civ.App.—Texarkana 1971, writ ref'd n.r.e.).

■ Before the trial Court can be shown to have abused its discretion, it must first be vested with discretion.

Broad discretion vests when the application is duly made and properly contested. *Robertson v. Robertson,* 382 S.W.2d 945 (Tex.Civ.App.—Amarillo 1964, writ ref'd n.r.e.).

■ In the case before us, the application for change of venue was not *duly* made in that Plaintiff did not comply with the requirements of Rule 257. The only affidavits attached were those of the Plaintiff herself and that of her granddaughter, not a resident of the county in which suit was pending.

On the other hand, the Defendant filed its contest to the application, attaching her affidavits as well as those of four other residents of the county, all to the effect that Plaintiff could obtain a fair and impartial trial in Culberson County.

Plaintiff urges that the absence of such affidavits on its part further illustrates the bias and prejudice complained of. In *Russell v. Russell,* 79 S.W.2d 639 (Tex.Civ.App. —Fort Worth 1934, writ ref'd), the Court stated in regard to Article 2170, Tex.Rev. Civ.Stat.Ann. (Vernon 1925), the predecessor to Rule 257, that it could envision such a case but found no proof in the case there before it to correlate with such a contention.

■ The burden of proof that the Plaintiff could not secure a fair and impartial trial in Culberson County was on the Plaintiff. *Henson v. Tom, supra.* This record does not reveal any evidence offered or presented by the Plaintiff to satisfy such burden.

We determine that the trial Court correctly overruled said application and that such ruling was not an abuse of discretion. Point of Error Number One is overruled.

Plaintiff's second point avers that the trial Court erred in granting judgment upon a verdict which was rendered against the great weight and preponderance of the evidence as to be manifestly unjust. The finding here under attack is that the Defendant doctor did not fail to cleanse the leg before applying the cast.

The special issue involved on this point, inquired of the jury:

"Do you find ... that Defendant ... failed to cleanse leg before applying cast?"

To this question the jury answered, "No".

Interpreted, the jury's answer is a failure or refusal by the jury to find from a preponderance of the evidence that the Defendant doctor failed to cleanse the Plaintiff's leg before applying the cast. In other words, Plaintiff failed to carry her burden of proving the fact. *C. & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex.1966).

The wording of the point suggests the principle stated in *Chemical Cleaning, Inc. v. Chemical Cleaning and Equipment Service, Inc.,* 462 S.W.2d 276 (Tex.1970), to the effect that a point of error which states that the trial Court erred in rendering judgment on a verdict because of the state of the evidence—if it is adequate for any purpose—is only a "no evidence" point. Yet the argument made by the Plaintiff under the point deals with the finding as being against the great weight and preponderance of the evidence. In accordance with an earlier Supreme Court ruling, we will consider the great weight point because of the substance of the argument. *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943).

■ In reviewing factual insufficiency points, the Court of Appeals will consider all of the evidence in the record that is relevant to the fact being challenged. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). A great weight point requires a consideration of all the evidence, both that tending to prove the fact and that tending to disprove the fact. Calvert, *"No*

*Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361, 367 (1960).

In considering an insufficiency point, the reviewing court should be cognizant of the role of the trier of fact. The jury has the opportunity to observe the demeanor of the witnesses and to weigh their credibility. It is for the jury to determine the weight to be given testimony and to resolve conflicts in testimony of the various witnesses. The jury's finding should be sustained if there is some evidence of probative value to support it, and it is not against the great weight and preponderance of the evidence. Even if the reviewing court finds a fact contrary to that found by the jury, it cannot substitute its judgment for that of the fact-finder if the finding meets the evidentiary test just stated. *Pickens v. Baker,* 588 S.W.2d 406 (Tex. Civ.App.—Amarillo 1979, no writ).

In the case before us, Plaintiff testified that her leg was not washed before the cast was applied. Five other witnesses testified to the condition of her leg when the cast was removed, speaking of dirt and plant-like substance.

Defendant acknowledged that she herself did not wash the leg nor did she ask if the leg had been washed, yet she does say that the leg was clean before the cast was applied.

The only testimony that the leg had been washed came from the Defendant's nurse. However, on cross-examination during the trial, she admitted that she did not then remember washing the leg, but that she assumed she had washed the leg, since standard procedure required that. She continued that the doctor would not have applied the cast had the leg been dirty.

During deliberation, the jury sent the Court a note inquiring whether the special issue in question meant that the Defendant doctor personally washed the leg. Counsel for both sides agreed the special issue inquired whether the leg had been cleaned, and did not object to the Court responding "No" in answer to the jury's question.

The evidence did not establish that that which appeared to be grass actually was, in fact, a plant-like substance. Other testimony explained what may have caused the dirty looking condition.

There was also testimony that when a stockinette is applied before a cast, the application takes off any foreign material on the leg, and that whenever a cast is removed, the body part from which the cast is removed looks dirty.

When the cast was removed, there was no notation on the emergency room record of grass, dirt or any foreign material on the leg or in the cast.

After reviewing all the evidence, there is evidence of probative value to support the finding and the finding is not against the great weight and preponderance of the evidence as to be manifestly unjust. This is not to say the evidence is clear and unequivocal. There are inconsistencies in the testimony of relevant witnesses, but the resolution of those inconsistencies was for the jury.

The Plaintiff's second point of error is overruled. The judgment of the trial Court is affirmed.