COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



EL PASO HEALTHCARE SYSTEM,
LTD., D/B/A LAS PALMAS
MEDICAL CENTER,

                            Appellant,

v.

VINCENZA CARMONA,

                            Appellee.

§

§

§

§

§

No. 08-03-00129-CV

Appeal from the

327th District Court

of El Paso County, Texas

(TC# 2001-255)




O P I N I O N

           This is an appeal from a jury verdict in a case arising under the Texas Commission
on Human Rights Act (“TCHRA”)


 claiming damages based upon allegations of age
discrimination. The jury awarded $85,952 in back pay, $21,536 for loss of past employment
benefits, $75,000 in compensatory damages, prejudgment interest on the actual damages,
$1.3 million in exemplary damages, attorneys fees of $54,425, conditional awards of
appellate attorneys fees, and post-judgment interest on all the amounts awarded. The
Appellant raises ten issues on appeal. Issues One through Five challenge the legal and
factual sufficiency of the evidence to support the jury’s answers to the questions submitted.
The remaining issues challenge the legal and factual sufficiency of the evidence to support
the jury’s finding that Appellant acted with malice or reckless indifference, the legal and
factual sufficiency of the evidence to support the jury’s finding regarding lost employment
benefits, the trial court’s submission of a circumstantial evidence instruction, whether the cap
on damages under the Texas Commission on Human Rights Act applies, and whether, if the
cap applies, it also limits the award of front pay found by the jury. For the reasons stated, we 
reverse and remand.
I. ISSUES SUBMITTED ON APPEAL
           Appellant has submitted ten issues on appeal. Issues One through Five complain that
the evidence supporting the jury’s answers regarding a finding of age discrimination under
the TCHRA, is legally and factually insufficient to support the findings. Because our ruling
on Issues One through Five is dispositive of this appeal, we do not reach the remaining
issues.
II. SUMMARY OF THE EVIDENCE
           Appellee, Vincenza Carmona had been employed as a nurse in El Paso since 1979 and
employed by Appellant since 1988. Appellee originally was employed as an oncology nurse
by Appellant, but in 1992, became a Case Manager which involved, among other
responsibilities, overseeing the placement of patients within the hospital. In May of 1997,
Appellee applied for a new position that had recently been created in the Admitting 
Department, Admitting Nurse. The same position had been eliminated approximately two
years earlier during a previous reduction in force but was recreated in 1997. At that time,
Juan Murillo, the Assistant Director over the Admitting Department, interviewed Appellee
for the position and recommended that she be allowed to transfer into the new position. 
Appellee was 60 years old at the time of the transfer to the Admitting Department. Appellee
acknowledged having a good working relationship with Murillo while she was employed as
the Admitting Nurse. She did not have any complaints about unfair treatment on the part of
Murillo or Vicky Moreno, her immediate supervisor.
           Because of cyclical patient census counts which impact the patient population in the
hospital, the hospital occasionally implements steps to control expenses during periods of
declining populations. Because hospitals have high fixed costs, wages and salaries are the
largest controllable expense. Consequently, the hospital may initiate a reduction in force or
RIF, as a cost-cutting measure and has done so in the past.
           Appellant’s corporate parent compiles and disseminates statistical data that enables
the hospital to compare its staffing levels with those of other hospitals. When considering
the implementation of a RIF as a cost-saving measure, upper management, in this case, Terry
Smith, the Chief Financial Officer, instructed directors such as Murillo to reduce the number
of full-time employees within their respective department. The directors were allowed to
review the staffing needs of the various departments and then made a recommendation about
which position should be considered for elimination.
           While evaluating the Admitting Department, Murillo was provided with a list of
employees from the Human Resources Department. The list identified the employees within
the department by name, job title, and hire date. The information did not contain any
information reflecting the employee’s date of birth or age.
           Smith had informed Murillo one to two weeks before the elimination of Appellee’s
position that Murillo should reduce the number of employees in the Admitting Department
by one employee. Murillo was tasked with reviewing the functions of the department and
determining which position was the least essential.
           Murillo believed that Appellee’s position was beneficial but felt that most of
Appellee’s job responsibilities had been handled by other employees regularly in the past,
and could, therefore, be absorbed by other employees in the future. Appellee worked a
regular schedule of Monday through Friday from 8 a.m. to 5 p.m., though the Admitting
Department was open 365 days per year. When Appellee was not on duty, other employees
assisted admissions with questions related to the admission of patients. Murillo provided
testimony explaining why he felt that other positions within the Admitting Department were
more critical and not appropriate for elimination.
           Murillo presented his recommendation to his supervisor, Waddell and then to Terry
Smith. Smith then decided to eliminate Appellee’s position. Smith did not know Appellee’s
age.
           On March 9, 2000, Appellee was notified that her position was being eliminated as
part of a reduction in force. Appellee was 63 years of age and had been employed by the
hospital since 1988. She was both the oldest and highest paid employee in the department. 
 Upon being terminated, Appellee was provided with two weeks pay in lieu of notice,
payment of her accumulated “paid time off,” and $6,800 in severance pay.
           During November and December of 1999, Appellant created another position in a
different department known as Resource Management Specialist in the Case Management
Department. Appellee contends that the creation of this position was a pretext for the
elimination of her position and her replacement by a younger employee. At the time the
position was filled and before the loss of her position, Appellee made some inquires about
the scope of the position but did not receive a satisfactory response from her supervisors
other than an explanation that the new position was not a replacement for hers.       The
evidence presented established that Appellant did not formally adhere to its internal reduction
in force policies when implementing the RIF. Also presented by Appellee was some
statistical evidence describing demographic information about the employees who were
affected by the RIF during the time period of May 1999 to May 2001.
           Appellee sued, contending that her age was a motivating factor and consideration in
the elimination of her position in violation of the TCHRA.
           The jury agreed and the trial court entered a judgment in favor of Appellee from
which Appellant appeals.
 

                                                       III. DISCUSSION
           Appellant’s first five issues attack the legal and factual sufficiency of the evidence of
various aspects of the jury’s verdict. We agree with Appellee that these issues should be read
as an attack on the legal and factual sufficiency of the evidence supporting the jury’s finding
that Appellee’s age was a motivating factor in Appellant’s decision to terminate Appellee.
A. Legal and Factual Sufficiency Standard of Review
           A “no evidence” or legal insufficiency point is a question of law which challenges the
legal sufficiency of the evidence to support a particular fact finding. There are basically two
separate “no evidence” claims. When the party having the burden of proof suffers an
unfavorable finding, the point of error challenging the legal sufficiency of the evidence
should be that the fact or issue was established “as a matter of law.” When the party without
the burden of proof suffers an unfavorable finding, the challenge on appeal is one of “no
evidence to support the finding.” See Creative Manufacturing, Inc. v. Unik, 726 S.W.2d 207,
210 (Tex. App.--Fort Worth 1987, no writ). The standard of review requires a determination
by the appellate court as to whether, considering only the evidence and inferences that
support a factual finding in favor of the party having the burden of proof, in a light most
favorable to such findings, and disregarding all evidence and inferences to the contrary, there
is any probative evidence which supports the finding. Garza v. Alviar, 395 S.W.2d 821, 823
(Tex. 1965); Southwest Craft Center v. Heilner, 670 S.W.2d 651 (Tex. App.--San Antonio
1984, writ ref’d n.r.e.); Terminix Intern., Inc. v. Lucci, 670 S.W.2d 657, 662 (Tex. App.--San
Antonio 1984, writ ref’d n.r.e.); Dayton Hudson Corp. v. Altus, 715 S.W.2d 670, 672 (Tex.
App.--Houston [1st Dist.] 1986, writ ref’d n.r.e.). If more than a scintilla of evidence
supports the finding, the “no evidence” point fails. Tseo v. Midland Am. Bank, 893 S.W.2d
23, 25 (Tex. App.--El Paso 1994, writ denied); Hallmark v. Hand, 885 S.W.2d 471, 474
(Tex. App.--El Paso 1994, writ denied).
            “Insufficient evidence” or factual insufficiency involves a finding that is so against
the great weight and preponderance of the evidence as to be manifestly wrong. When the
party having the burden of proof complains of an unfavorable finding, the point of error
should allege that the findings “are against the great weight and preponderance of the
evidence.” The “insufficient evidence” point of error is appropriate only when the party
without the burden of proof on an issue complains of the court’s findings. Neily v. Arron,
724 S.W.2d 908, 912 (Tex. App.--Fort Worth 1987, no writ).
           The test for factual insufficiency points is set forth in In re King’s Estate, 150 Tex.
662, 244 S.W.2d 660 (1951). In reviewing a point of error asserting that a finding is against
the great weight and preponderance of the evidence, we must consider all of the evidence,
both the evidence which tends to prove the existence of a vital fact, as well as evidence
which tends to disprove its existence. It is for the jury to determine the weight to be given
to the testimony and to resolve any conflicts in the evidence. Carrasco v. Goatcher, 623
S.W.2d 769, 772 (Tex. App.--El Paso 1981, no writ). The jury’s finding should be sustained
if there is some probative evidence to support it and provided it is not against the great
weight and preponderance of the evidence. Id. The parlance used by the courts of appeals
is that such a finding “shocks the conscience” or that it is “manifestly unjust,” limited by
such phrases as “the jury’s determination is usually regarded as conclusive when the evidence
is conflicting,” “we cannot substitute our conclusions for those of the jury,” and “it is the
province of the jury to pass on the weight or credibility of a witness’s testimony.” Kimsey
v. Kimsey, 965 S.W.2d 690, 700 (Tex. App.--El Paso 1998, pet. denied); Beall v. Ditmore,
867 S.W.2d 791, 795 (Tex. App.--El Paso 1993, writ denied). Thus, we cannot substitute our
judgment for that of the fact finder even if we find a fact contrary to that found by the jury,
provided the jury finding is supported by probative evidence and is not against the great
weight and preponderance of the evidence. If, however, the verdict is so contrary to the great
weight and preponderance of the evidence as to be manifestly unjust, the point should be
sustained.
B. Legal Sufficiency of the Evidence
           The parties have agreed that Appellee has met the threshold burden of proof
establishing that she was discharged, qualified for the job, and within the protected class. 
The jury charge included a single question regarding the age discrimination complaint. The
jury answered “Yes” to the following question:
Question No. One
 
Was VINCENZA CARMONA’S age a motivating factor in EL PASO
HEALTHCARE SYSTEM, LTD.’s decision to eliminate her position? 
 
A “motivating factor” in an employment decision is a reason for making the
decision at the time it was made. There may be more than one motivating
factor for an employment decision. 

           First, we examine only the evidence and inferences that support a factual finding in
favor of the party having the burden of proof. The jury heard testimony from seven
witnesses concerning Appellant’s conduct including Appellee and her husband. It is clear
from the evidence presented that Appellee was a member of a protected class, qualified to
perform a job, who was terminated. The evidence established that a younger woman was
hired to preform tasks for the hospital which were similar to the job held by Appellee. In
examining only the evidence that supports the jury’s findings, we find there is more than a
scintilla to support Appellee’s claim that age was a motivating factor in Appellant’s decision
to eliminate her position. Appellant’s no-evidence points fail under Issues One through Five
so that portion of those issues is overruled.
C. Factual Sufficiency of the Evidence
           Next, we consider all of the evidence presented, both the evidence which tends to
prove the existence of a vital fact, as well as evidence which tends to disprove its existence. 
While we agree that there is more than a scintilla of evidence to support the jury’s verdict
when considering only the evidence favorable to Appellee to support the verdict, we agree
with Appellant however, when considering the cumulative evidence, that the finding is so
contrary to the great weight and preponderance of the evidence that it is clearly wrong and
manifestly unjust.
           Appellee argues that she has presented a prima facie case of discrimination by
showing that she was discharged from her employment, was qualified for the job, was within
the protected class at the time of the discharge, and was replaced by someone outside the
protected class or by someone younger, or otherwise discharged because of her age. 
Appellant agrees that Appellee was discharged from her employment, was a member of the
protected class, and was an exemplary employee who was qualified for the job. An issue
arises, however, over the last element of the case regarding the replacement of Appellee by
a younger employee.
           The prima facie case in an age discrimination case requires proof that: (1) the
employee was discharged; (2) [s]he was qualified for the position; (3) [s]he was a member
of a protected class at the time of discharge; and (4) [s]he was replaced by someone outside
the protected class or otherwise show that [s]he was discharged because of his age. See
Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 739 (Tex. 2003); Trico Technologies
Corp. v. Rodriguez, 907 S.W.2d 650, 651 (Tex. App.--Corpus Christi 1995, no writ).
           Holding that Appellee’s evidence does establish a prima facia case of age-based
discrimination, we turn to consider Appellee’s argument that Appellant’s reason for
elimination of Appellee’s position as part of a routine reduction in force, was pretextual. We
agree with Appellant that once an employer comes forward with a non-discriminatory
explanantion for its decision, the burden shifts back to the employee to show that the
explanation is pretextual. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03, 93
S.Ct. 1817, 1824-25, 36 L.Ed.2d 668 (1973). In the case before us, however, Appellant
presented ample evidence to support its legitimate business-based decision to implement a
reduction in force with resulted in Appellee’s loss of her position with no corresponding
evidence of age-based discrimination. We do not agree that Appellee’s evidence establishes 
that the articulated reason was a pretext for Appellant’s elimination of the position for an
illegal reason.
           The TCHRA prohibits an employer from discharging or in any other way
discriminating against an employee because of the employee’s age. Wal-Mart Stores, Inc., 
121 S.W.3d at 739. See Tex. Lab. Code Ann. §§ 21.051-.556. The Legislature intended to
correlate state law with federal law in employment discrimination cases when it enacted the
TCHRA. Id. at § 21.001; see Wal-Mart Stores, Inc., 121 S.W.3d at 739; see also NME
Hosps., Inc. v. Rennels, 994 S.W.2d 142, 144 (Tex. 1999). In discrimination cases that have
not been fully tried on the merits, we apply the burden-shifting analysis established by the
United States Supreme Court. Wal-Mart Stores, Inc., 121 S.W.3d at 739; see Reeves v.
Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142-43, 120 S.Ct. 2097, 147 L.Ed.2d 105
(2000); St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-07, 113 S.Ct. 2742, 125 L.Ed.2d
407 (1993); Tex. Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089,
67 L.Ed.2d 207 (1981); McDonnell Douglas Corp., 411 U.S. at 802-03, 93 S.Ct. at 1824-25;
M.D. Anderson Hosp. v. Willrich, 28 S.W.3d 22, 24 (Tex. 2000) (per curiam). But when a
discrimination case has been fully tried on its merits, as in this case, a reviewing court does
not engage in a burden-shifting analysis. Wal-Mart Stores, Inc., 121 S.W.3d at 739; see also
Rubinstein v. Adm’rs of Tulane Educ. Fund, 218 F.3d 392, 402 (5th Cir. 2000). After
reviewing all the evidence, we inquire whether the evidence is legally and factually sufficient
to support the jury’s ultimate finding. See Wal-Mart Stores, Inc., 121 S.W.3d at 739; see
also Rutherford v. Harris County, Tex., 197 F.3d 173, 180-81 (5th Cir. 1999). At trial, it was
Appellee’s burden to prove that her age was a motivating factor in Appellant’s decision to
terminate her. Wal-Mart Stores, Inc., 121 S.W.3d at 739; see also Quantum Chem. Corp. v.
Toennies, 47 S.W.3d 473, 480 (Tex. 2001) (holding that “a motivating factor” is the
plaintiff's standard of causation in a TCHRA unlawful employment practice claim).
           Appellee is critical of the decision-making process followed by Appellant which does
not, by itself, prove that Appellee’s age was a motivating factor in her termination. An
at-will employer does not incur liability for carelessly forming its reasons for termination.
See Tex. Farm Bureau Mut. Ins. Cos. v. Sears, 84 S.W.3d 604, 609 (Tex. 2002); Garcia v.
Allen, 28 S.W.3d 587, 591 (Tex. App.--Corpus Christi 2000, pet. denied). As long as its
reason for terminating Appellee was not illegal, Appellant could have fired Appellee, an
at-will employee, for any reason, or for no reason at all. Sears, 84 S.W.3d at 609. She must
show that the reason proffered by Appellant is “false, and that discrimination was the real
reason.” St. Mary’s Honor Ctr., 509 U.S. at 515, 113 S.Ct. at 2752 (emphasis in original).
           Appellee points to the creation of a position entitled Resource Management Specialist 
Registration/Admitting within the Case Management Department


 as evidence of Appellant’s
intention to replace Appellee with a younger employee. The evidence established that during
the fall of 1999, Appellant reviewed some functions of the Case Management Department
because of problems related to the admission documentation of patients which resulted in
problems with Medicaid reimbursement. Smith ultimately concluded that the problems with
Las Palmas were related to the Case Management Department’s monitoring of patients once
they were admitted to the hospital.
           In November of 1999, Nancy Rout, the Chief Nursing Officer, requested a copy of
Appellee’s job description from Moreno, Appellee’s supervisor. On December 12, 1999,
Appellant posted a new job opening for Resource Management Specialist. In January of
2000, Appellee learned that Karen Mathis had been hired to fill the new position. Mathis,
like Appellee, had previously worked in case management. Mathis had been laid off during
an earlier RIF. Appellee was asked to orient Mathis and requested a copy of Mathis’s job
description for that purpose. The job description posted for the Mathis position was, in many
respects, similar to the job description for the position held by Appellee. Both Murillo and
Moreno explained that many departments within the hospital copied job descriptions when
creating a posting for a new job. Mathis’s job description, however, also included additional
responsibilities.
           We do not agree that the fact that Appellant created a similar position in a different
department several months before the elimination of Appellee’s position is evidence of an
intent to replace Appellee with a younger employee nor do we believe that such a business
decision, standing alone is any evidence of the consideration of Appellee’s age as a reason
to eliminate her position. Appellee testified that she had always enjoyed a good working
relationship with all her supervisors and had been given excellent performance evaluations.
She presented insufficient evidence to suggest that age was ever considered in connection
with any management decisions made regarding the creation of the Resource Management
Specialist position given to Mathis. She did not even contend that Mathis’s position or hiring
was a pretext for the elimination of her position. Appellee’s attorney made the speculative
leap in logic to argue that the fact of a similar position in a different department of the
hospital, created by different supervisors, reporting to a different chain of command, created
in response to a specific management problem that existed for several months before the
elimination of Appellee’s position, is evidence of a scheme of age discrimination. We do not
agree.
           When Appellee became aware of the similarities between the job descriptions, she
inquired about the situation by calling Murillo, Sally Walker, the Director of Human
Resources, and Moreno who either did not respond to her inquires or did not have any
explanation about the similarity. Appellee eventually spoke with Nancy Rout, the Chief
Nursing Officer, who explained that Mathis would be performing different tasks and was not
a replacement for Appellee. Appellee admitted that Mathis was not performing the same job
as she had been and conceded that Mathis did not physically replace her as the admitting
nurse. The admitting nurse position has not been filled since Appellee’s position was
eliminated in March of 2000.



           Appellee presented evidence that Appellant had adopted policies regarding the
procedures to be followed during a reduction in force. The evidence reflected that
management did not strictly follow the requirements for notification of employees of the
possibility of a need for a reduction and force and did not formally convene an “overview”
committee to review the decisions related to the elimination of positions. The evidence
presented regarding this issue, however, also indicated that Appellant’s management did
meet as a group to review the decisions regarding the elimination of all the positions affected
including Appellee’s, though the group was never formally designated the “overview”
committee. Appellee was paid money in lieu of notice. Significantly, there was insufficient
evidence presented that any decisions made included any discriminatory motives. There was
insufficient evidence presented to suggest that Appellee was treated differently from any
other employee whose position was eliminated as a result of the reduction in force. There
was insufficient evidence of any harm caused by the technical failure of Appellant to adhere
to its own internal policy. Appellee urges that Appellant’s failure to strictly adhere to its own
internal policy is evidence of discrimination. Appellee cites to two cases


 in support of its
position that the failure to follow a policy may be evidence of discrimination. Both cases
acknowledge that the failure to follow a policy may be some evidence of discrimination but
each involves a fact situation repleat with specific examples of discriminatory conduct. Each
is clearly distinguishable from the facts presented before us today. Here there is insufficient
evidence that the failure to follow the policy impacted Appellee in any way nor is there any
evidence that the failure was as a result of a motive based upon discriminatory reasons. We
do not hold that the mere technical non-compliance with an internal policy is sufficient
evidence of discriminatory behavior without more.
           Appellee also argues that the failure of several supervisors to return Appellee’s phone
calls is indicative of a discriminatory intent on the part of Appellant. Again, Appellee’s
complaints are nothing more than mere suspicion, speculation, and supposition. Noting that
one supervisor did discuss the situation with Appellee, we do not find that the non-response
of the other supervisors is sufficient evidence of discriminatory intent on the part of
Appellant to support the jury’s conclusion. While a return phone call would certainly have
been courteous and polite, the failure to do so does not establish a basis for a claim of
discrimination.
           Appellee also presented evidence that she had applied for other positions at the
hospital for which she was not hired which she contends was further evidence of
discrimination. The record is confusing and unclear about which positions Appellee applied
for and whether she was qualified for the positions in question. What is clear from the
evidence is that Appellee testified that she did not know what specific qualifications were
required for the positions that she was not offered nor did she know anything about the
individuals hired. There was no other evidence presented that established discrimination
related to Appellant’s failure to rehire Appellee. We do not agree that the anecdotal
testimony provided by Appellee that she had applied for a few positions with Appellant’s
hospitals and was not hired for any of the positions is evidence of age-based discrimination. 
We also note that the trial court record reflects that Appellee’s attorney acknowledged that
the evidence of Appellee’s attempts to obtain employment from Appellant was not evidence
of a discriminatory intent on the part of Appellant and he stated the evidence was offered for
the purpose of showing that she attempted to mitigate her damages. Now, on appeal,
Appellee argues that the failure to hire rises to the level of creating a “suspicion of
mendacity.”


 We do not agree. Appellee’s suspicions or beliefs do not create evidence.
           Finally, we consider Appellee’s statistical evidence proffered as proof of a
discriminatory scheme during the trial. Appellee called Terry Smith, the Chief Financial
Officer, and questioned him about one of Appellant’s exhibits at trial, a list of the individuals
who were affected as part of the RIF in 2000. The list included the names of the individuals,
the position held, and the age of each. Appellee questioned Mr. Smith about whether this list
reflected a disproportionate number of older people included in the pool of employees whose
positions were terminated. Mr. Smith responded that he believed that the “list is
representative of the age groups of all the employees there. . . . This probably represents in
general all of the age classifications.” In her brief, Appellee cites to various exhibits
included in the evidence submitted to the jury which consist of an assortment of charts listing
the individuals employed in the Admitting Department at the time of the RIF, a list of
employees terminated during the 2000 RIF including the age of each, and a list of all
employees terminated during the time period from May 1999 to May 2001 including the age
of each and information on whether the individual was rehired and if so, when. No witness
testified about the significance of these statistics nor how the statistics are evidence of a
discriminatory intent on the part of Appellant. They provide insufficient evidence that
Appellee’s position was eliminated on a pretextual basis. A review of Appellee’s exhibits,
which includes a list of employees included in the reduction in force by Appellant, supports
Appellant’s argument that the elimination of Appellee’s position was merely part of a
business-wide reduction in force that impacted many employees. A finding that age was a
motivating factor in the elimination of Appellee’s position because of the sparse statistics
provided is clearly wrong and manifestly unjust. Any conclusion to be drawn from the
documents would be nothing more than blatant speculation and as such, a finding of
discrimination would be manifestly unjust.
           In substance, the parties agree that Appellant contends that Appellee was terminated
as a result of the elimination of her position as a result of the reduction in force without
regard to her age. Appellee asserts that the reasons proffered by Appellant are pretextual and
that the evidence of pretext is established by the following evidence: the hiring of Mathis
two months before the elimination of Appellee’s position to perform a similar job, the failure
of various supervisory employees to return Appellee’s phone calls to discuss Mathis’s job
description, a failure on the part of Appellant to strictly follow its own reduction in force
policy prior to eliminating Appellee’s position, Appellant’s failure to hire Appellee for
another position after the RIF, and certain statistical evidence presented to the jury regarding
the numerical demographics of the age of the employees who were terminated by Appellant
during the time period from May 1999 to May 2001.
           After review of the entire appellate record, we conclude Appellee has presented
insufficient evidence to show that Appellant’s decision to eliminate her position was
motivated by her age. There is insufficient evidence that the reasons proffered by Appellant
were false. There is insufficient evidence of an age-based motivating factor and the jury
finding that such existed is against the great weight and preponderance of the evidence. 
Appellee has proposed that the possible falsity of the reasons the defendant puts forth “may,
together with the elements of the prima facie case, suffice to show intentional
discrimination.” St. Mary's Honor Ctr., 509 U.S. at 511, 113 S.Ct. at 2749; see also Reeves,
530 U.S. at 147-49, 120 S.Ct. at 2108-10. But even if the reasons Appellant cited for
terminating Appellee were false, she still bore the ultimate burden to prove that Appellant
discriminated against her because of her age. Reeves, 530 U.S. at 147-49, 120 S.Ct. at 2108-10. The relevant inquiry is not whether the business decisions made by Appellant were
appropriate or well-founded. See Wal-Mart Stores, Inc., 121 S.W.3d at 740.
           Issues One through Five on the challenge of the factual sufficiency of the evidence
to support the jury’s verdict are sustained. Because Issues One through Five are dispositive
of this appeal, we do not reach Issues Six through Ten.
           We, therefore, having sustained Appellant’s Issues One through Five on the basis of
factual insufficiency of the evidence, reverse the judgment of the trial court and remand this
case to the trial court for further proceedings consistent with this opinion.
 
                                                                              RICHARD BARAJAS, Chief Justice
March 17, 2005

Before Panel No. 4
Barajas, C.J., Larsen, and McClure, JJ.
Larsen, J., not participating