COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| GARY DAKIL | | No. 08-11-00156-CV |
| D/B/A 3 N 1 WATER SOLUTIONS, | § | |
| | | Appeal from |
| Appellant, | § | |
| | | County Court at Law |
| v. | § | |
| | | of Hood County, Texas |
| LELAND LEGE, | § | |
| | | (TC # C05382) |
| Appellee. | § | |

**O P I N I O N**

Gary Dakil d/b/a 3 N 1 Water Solutions appeals a money judgment of $8,680 for breach of an oral contract to pay Leland Lege for certain construction work already performed. For the reasons that follow, we affirm.

**FACTUAL SUMMARY**

Lege filed suit on an oral debt in Hood County, Texas alleging that Dakil "hired [Lege] (doing business as 2-L Contractors) to perform dirt work on real property located in Palo Pinto, Texas." Lege claimed Dakil owed a total of $15,940 for work performed. Dakil filed a general denial and a counterclaim in which he sued 2-L Contractors, Inc. and Leland Lege d/b/a 2-L Contractors, alleging he entered into an oral contract with Lege and/or 2-L Contractors, Inc. The record is silent as to whether 2-L Contractors is a separate entity from Lege. The only evidence that 2-L Contractors exists appears on the letterhead of the invoices Lege sent to Dakil. Appellant filed a post-trial request for additional findings of fact and conclusions of law asking the court to find: (1) 2-L Contractors, Inc., rather than Leland Lege in his individual capacity, was the proper party to assert a claim; and (2) Lege lacked standing to bring the suit. These

issues were brought to the attention of the trial court for the first time in his request for additional finding of facts and conclusions of law.

## STANDING and CAPACITY

In Issue One, Dakil argues that because Lege lacked standing to bring the original suit, the trial court lacked subject matter jurisdiction. In reviewing standing on appeal, we construe the petition in favor of the petitioner and, if necessary, review the entire record to determine if any evidence supports standing. *Smith v. CDI Rental Equipment, Inc.*, 310 S.W.3d 559, 566 (Tex.App.--Tyler 2010, no pet.). We review *de novo* a party's challenge to standing, as well as a challenge to the trial court's conclusions of law. *Id.*, *citing Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

A plaintiff must have both standing and capacity to bring suit. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 847 (Tex. 2005). Standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in the outcome, whereas capacity is a procedural issue addressing the personal qualifications of a party to litigate. *Id.* (internal quotations omitted). The Texas Supreme Court has distinguished between these requirements as follows:

> A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy.

*Id.*, *quoting Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). A party may raise standing for the first time on appeal, because standing implicates subject matter jurisdiction. *Nootsie, Ltd.*, 925 S.W.2d at 662. Capacity, on the other hand, can be waived. *Id.* (holding party must comply with Texas Rule of Civil Procedure 93 and raise capacity complaint in a verified pleading).

2

Dakil claims that Lege was not a proper party to the file a breach of contract action because he brought the original suit based on invoices from 2-L Contractors Inc. but he had not file an assumed-name certificate. These complaints relate to capacity rather than standing. *See Prostok v. Browning*, 112 S.W.3d 876, 921 (Tex.App.--Dallas 2003), *rev'd in part on other grounds*, 165 S.W.3d 336 (Tex. 2005)("A challenge to who owns a claim raises the issue of capacity, not standing."); *and Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 55 (Tex. 2003)("[F]ailure to file an assumed name certificate does not render a plaintiff's claim void . . . it affects plaintiff's capacity to bring suit.").

Texas Rule of Civil Procedure 93 requires a party to file a verified pleading if it contends that the plaintiff lacks capacity to sue unless the truth of such matter appears of record. Tex.R.Civ.P. 93(2). "A party who fails to raise the issue of capacity through a verified plea waives that issue at trial and on appeal." *Nine Greenway Ltd. v. Heard, Googan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex.App.--Houston [1st Dist.] 1994, writ denied).

Because Dakil failed to verify his pleadings and brought these issues to the attention of the trial court for the first time in his request for additional findings of fact and conclusions of law, he has failed to preserve error. Nor can it be said that the lack of capacity is readily apparent on the face of the record. The clerk's record clearly demonstrates Leland Lege d/b/a 2-L Contractors was the only plaintiff. *See Matice Enters., Inc. v. Gibson*, 2005 WL 1838018, *5 ("adding 'd/b/a' to a name does not constitute the creation of a separate legal capacity; rather it is a term of identification"). For these reasons, we overrule Issue One.

## FACTUAL SUFFICIENCY

In Issue Two, Dakil challenges the factual sufficiency of the evidence supporting the amount of damages. In reviewing a point of error asserting that a finding is against the great

weight and preponderance of the evidence, we must consider all of the evidence, both the evidence which tends to prove the existence of a vital fact as well as evidence which tends to disprove its existence. The fact finder shall determine the weight to be given to the testimony and to resolve any conflicts in the evidence. *Carrasco v. Goatcher,* 623 S.W.2d 769, 772 (Tex.App.--El Paso 1981, no writ). These findings should be sustained if there is some probative evidence to support it and provided it is not against the great weight and preponderance of the evidence. *Id.* Findings of fact in a bench trial have the same force and dignity as a jury's verdict upon questions and are reviewed for legal and factual sufficiency of the evidence by the same standards. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996); *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex.1991). Thus, we cannot substitute our judgment for that of the fact finder provided the finding is supported by probative evidence and is not against the great weight and preponderance of the evidence.

The universal rule for measuring damages for breach of a contract is just compensation for the loss or damage actually sustained. *Abraxas Petroleum Corp. v. Hornburg*, 20 S.W.3d 741, 760 (Tex.App.--El Paso 2000, no pet.). A non-breaching party is generally entitled to all actual damages necessary to put it in the same economic position in which it would have been had the contract not been breached. *Id.*

Here, the trial court found: (1) the parties had an agreement where Lege would perform construction work and Dakil would pay him $31,680; (2) Lege performed that work; and (3) Dakil paid only $23,000 and refused to pay the remaining $8,680 as required under the agreement. While Dakil presented conflicting evidence, he does not demonstrate that the evidence supporting the findings is contrary to the overwhelming weight of the evidence. He merely complains that Lege's recollection is faulty or that his testimony was not credible. This

does not establish that the evidence supporting the trial court's finding is factually insufficient. *See Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex.App.--Dallas 1997, writ denied)("[T]he trial court is the sole judge of the witnesses' credibility and the weight to be given their testimony.").

We hold, based on our examination of all of the evidence in the record, that Dakil has not demonstrated that the evidence supporting the trial court's findings is "so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust." *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 912 (Tex.App.--Dallas 2008, no pet.). We overrule Issue Two and affirm the trial court's judgment.


October 24, 2012                         _____
                                         ANN CRAWFORD McCLURE, Chief Justice


Before McClure, C.J., Rivera, and Antcliff, JJ.