# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00485-CV

---

**Ben Melton, Appellant**

**v.**

**CU Member's Mortgage a Division of Colonial Savings F.A.; First Western Title Co.; and Bob Mims, Appellee**s

---

### FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. C130102C, THE HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

In this ongoing dispute involving a home equity loan, appellant Ben Melton, who took out the loan to refinance his homestead and subsequently filed a lawsuit challenging the loan's legality, appeals from the district court's order granting a motion to sever a counterclaim for foreclosure filed by appellee CU Member's Mortgage a Division of Colonial Savings F.A. (Colonial). In two issues on appeal, Melton asserts that Colonial did not have "standing" to bring its counterclaim for foreclosure and that the district court abused its discretion in granting the motion to sever. We will affirm the district court's order.

## BACKGROUND

The complicated procedural history of this case is discussed more fully in this Court's earlier opinion addressing the merits of the underlying dispute. *See Melton v. CU*

*Members Mortg.*, 586 S.W.3d 26 (Tex. App.—Austin 2019, pet. denied). We will briefly summarize the relevant history here. In 2009, Melton refinanced an existing note on his homestead property by taking out a home equity loan. *See id*. at 28-29. In 2013, Melton stopped making payments on the note and sued Colonial, the servicing agent of the note holder, Freddie Mac; First Western Title Co., the company that closed the transaction; and Bob Mims, the appraiser of Melton's property (collectively, "appellees"), for various claims arising out of the origination of the loan, including breach of contract, fraud, and violations of the Texas Debt Collection Practices Act. Melton also sought a declaratory judgment that the loan violated several provisions of the Texas Constitution and was therefore invalid. *See id*. at 29. Colonial filed a counterclaim for foreclosure, alleging that Melton had failed to meet his payment obligations on the loan and that, accordingly, Colonial was entitled to foreclosure of the property that secured the loan.

Appellees moved for summary judgment on the ground that Melton's claims were barred by the statute of limitations, and the district court granted summary judgment on that ground. *See id*. Melton appealed, and while that appeal was pending, the Texas Supreme Court held that "liens securing constitutionally noncompliant home-equity loans are invalid until cured and thus not subject to any statute of limitations." *Wood v. HSBC Bank USA, N.A.*, 505 S.W.3d 542, 545 (Tex. 2016). Following that holding, this Court reversed the judgment of the district court and remanded the case for further proceedings. *See Melton v. CU Members Mortg.*, No. 03-15-00339-CV, 2017 WL 744248, at *1 (Tex. App.—Austin Feb. 22, 2017, no pet.) (mem. op.); *see also Mosser v. Mims*, No. 03-15-00365-CV, 2017 WL 1832486, at *1 (Tex. App.—Austin May 3, 2017, no pet.) (mem. op.) (similarly reversing and remanding order imposing sanctions against Melton's attorney based on supreme court's holding in *Wood*).

2

On remand, appellees again moved for summary judgment, this time on the merits of Melton's claims and Colonial's counterclaim, and the district court granted the motion, entering an order disposing of all claims except for the amount of attorney's fees to be awarded to appellees. *See Melton*, 586 S.W.3d at 29. The district court later granted summary judgment to appellees on their attorney's fees and entered an amended order disposing of all claims including attorney's fees, and Melton appealed from that final order. *Id*. This Court affirmed the summary judgment on the merits but concluded that there was a genuine issue of material fact as to whether the amount of attorney's fees awarded to appellees was reasonable and thus reversed and remanded the issue of attorney's fees for a determination of the reasonable amount of attorney's fees. *Id*.

On remand, Colonial nonsuited its claim for attorney's fees in connection with its counterclaim for foreclosure but "expressly retain[ed] all other claims that it has filed, including its claim for attorney's fees incurred in defense of . . . Melton's claims for declaratory judgment." Colonial also filed a motion for severance, asking that its counterclaim for foreclosure "be severed into a separate suit so that it may be considered a final judgment" and that its "claim for attorney's fees in connection with their defense of Plaintiff's suit for declaratory judgment . . . remain pending in the instant suit and . . . that a trial be set on that expeditiously." The district court granted the nonsuit and the motion to sever, severing Colonial's counterclaim for foreclosure from "Colonial's claim for attorney's fees in defense of the claims for declaratory judgment filed herein by Melton." This appeal by Melton followed.

**DISCUSSION**

**"Standing"**

In his first issue, Melton asserts for the first time that the district court was without jurisdiction to render a judgment of foreclosure because Colonial lacked "standing" to administer the foreclosure of his homestead property. According to Melton, Colonial brought its counterclaim for foreclosure in its capacity as a "servicing agent" or "representative" of Freddie Mac rather than as a "mortgage servicer" or mortgagee, and a "servicing agent," in his view, is not eligible to administer a foreclosure. *See* Tex. Prop. Code §§ 51.0001(3) (defining mortgage servicer), (4) (defining mortgagee), .002 (providing procedures for conducting foreclosure sale), .0025 (providing that mortgage servicer may administer foreclosure of property on behalf of mortgagee).

Melton is conflating the concepts of standing and capacity. "A plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has capacity when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996). "The general test for standing in Texas requires that there '(a) shall be a real controversy between the parties, which (b) will be actually determined by the judicial declaration sought.'" *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (quoting *Board of Water Eng'rs v. City of San Antonio*, 283 S.W.2d 722, 724 (Tex. 1955)).

Here, Melton is not arguing that there is an absence of a real controversy between the parties related to the foreclosure or that the controversy would not be determined by the judicial declaration sought. Instead, he is arguing that Colonial does not have the legal authority to administer the foreclosure of his property because Colonial was not a mortgage servicer or

4

mortgagee as defined by the Property Code. Thus, rather than raising a challenge to standing, Melton is in essence arguing that Colonial, in its role as a servicing agent, lacked capacity to act. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005) ("The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Wright, Miller & Kane, Federal Practice And Procedure*: *Civil* 2d § 1559, at 441 (2d ed.1990))).

Unlike standing, which implicates a court's subject-matter jurisdiction and thus may be raised at any time, an argument that an opposing party lacks capacity can be waived if not raised in the court below. *See Nootsie*, 925 S.W.2d at 662; *Dakil v. Lege*, 408 S.W.3d 9, 11 (Tex. App.—El Paso 2012, no pet.). To avoid waiver, the party must file a verified affidavit denying the opposing party's legal capacity to sue or its right to recover in the capacity in which it has sued. *See* Tex. R. Civ. P. 93(1), (2); *Pike v. Texas EMC Mgmt., LLC.*, 610 S.W.3d 763, 778-79 (Tex. 2020). Melton failed to do so here. Accordingly, he has waived this issue.

We overrule Melton's first issue.

**Severance**

In his second issue, Melton asserts that the district court abused its discretion in granting the motion to sever. Specifically, he argues that Colonial's counterclaim for foreclosure was "so interwoven" with Melton's request for declaratory relief "that they involve the same facts and issues."

After this appeal was submitted, Colonial filed a motion styled, "notice of mootness of [the] severance issue," in which Colonial represents that the severance issue is "now moot" because on January 6, 2023, the district court "entered a Final Judgment in the original cause number" that had remained pending solely for a determination of the amount of attorney's fees to which Colonial was entitled in that cause. Attached to the motion is a copy of an "Agreed Judgment on Attorney's Fees," signed by counsel for both Melton and Colonial, which provides that the parties "have agreed to resolve Defendants' claim for attorney's fees" and that "[t]his agreed judgment fully and finally resolves the remaining claims in this case."

Melton has filed a response to the motion in which he "does not dispute that the trial court has now entered a final judgment in the matter of the attorney's fees claim" and further "does not dispute that the foreclosure judgment complained of in Appellant's Issue 1 will remain a final judgment regardless of this Court's ruling on Appellant's Issue 2 regarding severance." Melton "urges, however that an active controversy does yet remain between the parties as to the validity of the severed foreclosure judgment itself, as argued in Appellant's Issue 1, and that this appeal as a whole is therefore not moot."

Under the mootness doctrine, a justiciable controversy "must exist between the parties at every stage of the legal proceedings, including the appeal." *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). When events occur during an appeal that render an issue before the Court moot, we may not decide that issue. *See General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570–71 (Tex. 1990); *Cappadonna Elec. Mgmt. v. Cameron Cnty.*, 180 S.W.3d 364, 375 (Tex. App.—Corpus Christi-Edinburg 2005, no pet.). Here, because the parties have reached an agreement on attorney's fees, which was the only remaining issue in the case, it is no longer possible for this Court to remedy any error in the severance order. *See*

6

*Cappadonna Elec. Mgmt.*, 180 S.W.3d at 375; *see also Healey v. Healey*, No. 12-15-00047-CV 2016 WL 4098750, at *3 (Tex. App.—Tyler July 29, 2016, pet. denied) (mem. op. on reh'g). Accordingly, we grant Colonial's motion to dismiss that issue as moot.

## CONCLUSION

Having concluded that Melton's argument that Colonial lacked "standing" to bring its foreclosure counterclaim is instead a challenge to Colonial's capacity to foreclose and that Melton failed to preserve that issue in the court below, we affirm the district court's order.

_____

Gisela D. Triana, Justice

Before Justices Baker, Triana, and Theofanis

Affirmed

Filed: March 15, 2023

7