# NO. 12-09-00113-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *REX SMITH,*<br>*APPELLANT* | *§* | *APPEAL FROM THE THIRD* |
| *V.*<br>*CDI RENTAL EQUIPMENT, LTD. d/b/a*<br>*FUTURE RENTAL SERVICES and FEI*<br>*EQUIPMENT, LTD. d/b/a FUTURE*<br>*EQUIPMENT COMPANY and d/b/a*<br>*EQUIPMENT SUPPORT SERVICES,*<br>*APPELLEES* | *§*<br><br>*§* | *JUDICIAL DISTRICT COURT OF*<br><br>*HENDERSON COUNTY, TEXAS* |

## OPINION

This is an assumed name case. Rex Smith appeals from a judgment, rendered after a trial before the court, favoring Appellees CDI Rental Equipment, Ltd. d/b/a Future Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment Company and d/b/a Equipment Support Services, in Appellees' suit for damages. In thirteen issues, Smith alleges that Appellees cannot properly maintain suit against him because he did not have a contract with the business entities named as plaintiffs, there is no evidence of a valid contract or the elements of a sworn account, and the trial court erred in awarding attorney's fees and in failing to find spoliation of evidence. We reverse and render.

## BACKGROUND

On March 22, 2005, Smith rented a dozer, signing a rental agreement that has the name "Future Rental Services" printed at the top. Smith had problems with that dozer in mid-May and exchanged it for a different one. On June 22, the second dozer was driven into a "water hole," got stuck in mud, and stopped working. The dozer had to be pulled out and taken to the repair shop where it was determined that there was water and sand in the transmission, the radiator was "plugged with mud," and the torque converter was full of sand. The dozer was repaired and Smith received a repair bill in the amount of $16,012.82. Smith was also billed $1,420.40 for costs to inspect the dozer on his property and transport it back to the shop. These two invoices have the name "Equipment Support Services" printed at the top. One of them also has the name "Future

Equipment" either typed or stamped at the top. The other one also has the name "Future Equipment Co.," which appears to be printed by a fax machine.

Because Smith did not pay the invoices, he was sued in a Dallas County district court in January 2006 for breach of contract and a sworn account. The named plaintiff on the original petition was Equipment Support Services, Inc. d/b/a Future Equipment Company, Inc. The named defendants were Smith and The Travelers Lloyds Insurance Company. In their first amended petition, Appellees named as plaintiff Equipment Support Services, Inc. d/b/a Future Rental Services and d/b/a Future Equipment Company, Inc. In their second amended petition, Appellees named as plaintiffs CDI Rental Equipment, Ltd. d/b/a Future Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment Company and also d/b/a Equipment Support Services. They further identified themselves as follows:

> CDI RENTAL EQUIPMENT, LTD. d/b/a FUTURE RENTAL SERVICES is a Texas limited partnership with its principal place of business in Houston, Harris County, Texas. Its registered agent is Equipment Support Services, Inc. FEI EQUIPMENT, LTD. d/b/a FUTURE EQUIPMENT COMPANY and also d/b/a EQUIPMENT SUPPORT SERVICES is a Texas limited partnership with its principal place of business in Euless, Texas. Plaintiffs are sister entities and are hereafter collectively referred to as 'ESS'.

In June 2006, Appellees nonsuited The Travelers Lloyds Insurance Company and the suit was transferred to Henderson County, where Smith resides.

Smith filed special exceptions complaining that he did not know which plaintiff, CDI Rental Equipment, Ltd. or FEI Equipment, Ltd., is doing business as Future Rental Services, the name on the rental agreement. He further argued that the plaintiffs should state why the entity that is not Future Rental Services is a plaintiff in this cause of action. He filed a sworn affidavit in support of his special exceptions denying, among many other specific items, the execution of a written contract identifying CDI Rental Equipment, Ltd. or FEI Equipment, Ltd. as parties to the agreement. He also denied that either of those two entities did business under the name of Future Rental Services.

In its order granting Smith's special exceptions, the trial court explained that plaintiffs' exhibits show that CDI Rental Equipment, Ltd. and its assumed name registration in the assumed name of Future Rental Services ceased to exist on August 6, 2003 when it merged into Equipment Support Services, Inc. The court noted that no plaintiff in the suit had shown that it is registered to do business under the name of Future Rental Services. The trial court gave the plaintiffs fifteen days "to identify which of the

two Plaintiff's [sic] are doing business under the assumed name of 'Future Rental Services' and stating facts as to why the other party plaintiff, [sic] is a proper party to this suit."

Shortly thereafter, Appellees filed their third amended petition, identifying themselves exactly as they had in their second amended petition. A month later, Appellees filed their fourth amended petition, identifying themselves exactly as they had in their third amended petition. However, in the factual background section of the petition they explained that Smith "executed a rental agreement with CDI Equipment, Ltd. [sic] d/b/a Future Rental Services" and the bulldozer he rented "was owned by FEI Equipment, Ltd. d/b/a Future Equipment Company." They explained that from the "time of the contract to the present, CDI Equipment, Ltd. [sic] d/b/a Future Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment Company were ultimately being operated by Equipment Support Services."

Smith filed a motion to dismiss, arguing that the plaintiffs still had not identified which plaintiff was doing business under the assumed name of Future Rental Services or explained why the other plaintiff was a party to the suit as ordered by the trial court. The trial court denied Smith's motion to dismiss.

On the day of trial, December 9, 2008, Smith moved to abate the lawsuit until the plaintiffs provided proof that a proper assumed name certificate had been filed for CDI Rental Equipment, Ltd. Counsel for the plaintiffs produced evidence that an assumed name certificate had been filed on November 27, 2007 showing that Equipment Support Services, Inc. is doing business as Future Rental Services. Smith again argued that the entity named on the assumed name certificate as doing business as Future Rental Services is not a plaintiff in this lawsuit and that no assumed name certificate shows that CDI Rental Equipment, Ltd. does business as Future Rental Services. Noting that it was hard to make sense of all the different names, the trial court denied the motion to abate and proceeded to try the case.

After a bench trial, the court found in favor of Appellees. Mirroring the live petition, the judgment names as plaintiffs CDI Rental Equipment, Ltd. d/b/a Future Rental Services and FEI Equipment, Ltd. d/b/a Future Equipment Company and also d/b/a Equipment Support Services, collectively ESS. The court ordered Smith to pay $17,433.22 in actual damages for breach of contract, $25,000.00 in attorney's fees, and prejudgment and postjudgment interest.

## CDI RENTAL EQUIPMENT, LTD.

In his first and twelfth issues, Smith contends the judgment against him cannot stand because he signed a rental agreement with Future Rental Services, not the named plaintiffs who sued him. He asserts that CDI Rental Equipment, Ltd., a named plaintiff, ceased to exist when it merged with Equipment Support Services, Inc. in 2003 and therefore could not later enter into a contract with him or file suit against him. Further, he contends that no named plaintiff was registered to do business as Future Rental Services. Conversely, he asserts that the only entity registered to do business as Future Rental Services is Equipment Support Services, Inc., which is not a party to this suit.

## Appellees' Response

Appellees respond that Rule 28 of the Rules of Civil Procedure permits a party to sue in its assumed name. They also assert that as a result of the merger, all of the attributes of corporate life were transferred to the successor, Equipment Support Services, Inc. Citing *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 53 (Tex. 2003), Appellees assert that Texas law supports their position that their petition, filed under assumed names, was effective to maintain suit against Smith on behalf of Equipment Support Services, Inc. They argue that the Texas Business and Commerce Code does not require them to amend their petition to name a party using the assumed name and that Smith cites to no case law to the contrary.

## Standard of Review

Special exceptions may be used to challenge the sufficiency of a pleading. *Friesenhahn v. Ryan*, 960 S.W.2d 656, 658 (Tex. 1998). When the trial court sustains special exceptions, it must give the pleader an opportunity to amend the pleading. *Id*. Thereafter, if the plaintiff refuses or fails to amend its petition in compliance with the trial court's order, the trial court may dismiss the case. *Perry v. Cohen*, 285 S.W.3d 137, 142 (Tex. App. – Austin 2009, pet. denied). In determining whether dismissal was appropriate, we consider whether the last amended pleading complied with the trial court's order. *Id*. at 146. We take all allegations, facts, and inferences in the pleadings as true and view them in the light most favorable to the plaintiff. *Id*. We review the trial court's ruling for an abuse of discretion. *See Cole v. Hall*, 864 S.W.2d 563, 566 (Tex. App. – Dallas 1993, writ dism'd w.o.j.) (en banc). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles or acted

4

in an arbitrary or unreasonable manner. *See **Downer v. Aquamarine Operators, Inc.**,* 701 S.W.2d 238, 241-42 (Tex. 1985).

**Applicable Law**

Rule 28 of the Texas Rules of Civil Procedure provides that an entity or individual doing business under an assumed name may sue or be sued in that assumed name. TEX. R. CIV. P. 28. The Assumed Business or Professional Name Act provides penalties for failing to file a certificate. A company's failure to comply with the Act does not impair the validity of any contract, but that company is prohibited from maintaining an action in a Texas court arising out of a contract or act in which an assumed name was used until an assumed name certificate has been filed. Act of May 23, 1977, 65th Leg., R.S., ch. 403, § 1, 1977 Tex. Gen. Laws 1095, 1100-01, *repealed by* Act of May 15, 2007, 80th Leg., R.S., ch. 885, § 2.01, 2007 Tex. Gen. Laws 1905, 1935 (current version at TEX. BUS. & COM. CODE ANN. § 71.201 (Vernon 2009)).

**Analysis**

The business entity named on the rental agreement in this case is Future Rental Services. In 2000, CDI Rental Equipment, Ltd. filed an assumed name certificate stating that it does business in the name of Future Rental Services. As Appellees note, when CDI Rental Equipment, Ltd. merged with Equipment Support Services, Inc., all liabilities and obligations belonging to CDI Rental Equipment, Ltd. became the liabilities and obligations of the surviving entity, Equipment Support Services, Inc. *See* TEX. BUS. CORP. ACT, art. 5.06, §§ A(3), C (Vernon Supp. 2009). In a merger, the privileges, powers, rights, and duties of the corporation are transferred to the surviving corporation and are there continued and preserved. ***Bailey v. Vanscot Concrete Co.**,* 894 S.W.2d 757, 759 (Tex. 1995). Moreover, CDI Rental Equipment, Ltd. ceased to exist on August 6, 2003 when it merged with Equipment Support Services, Inc. *See* TEX. BUS. CORP. ACT, art. 5.06, § A(1) (Vernon Supp. 2009); ***Bailey**,* 894 S.W.2d at 759. Thus, as a result of the merger, CDI Rental Equipment, Ltd., one of the two named plaintiffs, has no actual or legal existence. *See **Bailey**,* 894 S.W.2d at 759. Civil suits may be maintained only by or against parties having an actual or legal existence. *Id*. Accordingly, CDI Rental Equipment, Ltd. was not a proper party to the suit and judgment cannot be rendered in its favor. *See **id***.

While there was no valid assumed name certificate on file for Future Rental Services on the date Smith rented the dozer or when this suit was filed, Equipment

5

Support Services, Inc. filed an assumed name certificate during the course of the lawsuit stating that it does business in the name of Future Rental Services. Thus, pursuant to the Assumed Business or Professional Name Act, Equipment Support Services, Inc. could bring suit in its assumed name. *See Sibley*, 111 S.W.3d at 53. Moreover, Equipment Support Services, Inc., as the surviving corporation in the merger, may prosecute the claims of CDI Rental Equipment, Ltd., the merging entity. *See N. Am. Land Corp. v. Boutte*, 604 S.W.2d 245, 246 (Tex. Civ. App. – Houston [14th Dist.] 1980, writ ref'd n.r.e.).

In the original petition, the named plaintiff was Equipment Support Services, Inc. d/b/a Future Equipment Company. In the first amended petition, the named plaintiff was Equipment Support Services, Inc. d/b/a Future Rental Services and d/b/a Future Equipment Company, Inc. However, beginning with the second amended petition, Equipment Support Services, Inc. was not a named plaintiff.

An amended pleading supersedes and supplants earlier original pleadings. TEX. R. CIV. P. 65; *Mercure Co., N.V. v. Rowland*, 715 S.W.2d 677, 679 (Tex. App. – Houston [1st Dist.] 1986, writ ref'd n.r.e.). Parties to a suit, including plaintiffs, are just as effectively dismissed from a suit by omitting their names from an amended pleading as where a formal order of dismissal is entered. *Rowland*, 715 S.W.2d at 679. When Equipment Support Services, Inc.'s name was not included in the second amended petition, it was effectively dismissed from the suit. *Woodruff v. Wright*, 51 S.W.3d 727, 731-32 (Tex. App. – Texarkana 2001, pet. denied). Even though Smith repeatedly raised the issue and Appellees repeatedly amended their petition, Equipment Support Services, Inc. was not named as a plaintiff in the live pleading.

Appellees' argument that neither the statute nor case law requires them to amend their petition to name the party using the assumed name is only partially correct. The statute does not include such a requirement. However, the Texas Supreme Court has, in a case cited by Appellees in their brief, held unequivocally that, under Rule 28, the correct legal name of the party using the assumed name must be substituted before judgment. *Sibley*, 111 S.W.3d at 53. Equipment Support Services, Inc., the party currently doing business under the assumed name Future Rental Services, was not a named party to the suit. Because CDI Rental Equipment, Ltd. no longer exists, the trial court abused its discretion in denying Smith's motion to dismiss the suit as to CDI Rental Equipment,

Ltd. *See Bailey*, 894 S.W.2d at 759. Accordingly, we sustain Smith's issues one and twelve.

**FEI EQUIPMENT, LTD.**

In his sixth issue, Smith contends, in part, that the trial court erred in concluding that a contract existed between Smith and FEI Equipment, Ltd. He points out that the name of the entity on the written rental agreement dated March 22, 2005 was Future Rental Services. He then argues that since FEI Equipment, Ltd. did not prove that it was Future Rental Services, and no other contract was proven, FEI Equipment, Ltd. does not have the capacity to sue on the contract and there is no evidence to support the trial court's conclusion that FEI Equipment, Ltd. was a party to the contract. In his eighth issue, Smith asserts the trial court erred in concluding that he is liable on a sworn account because FEI Equipment, Ltd. was not a party to the rental agreement and because a lawsuit involving breach of a rental agreement is not a valid claim on a sworn account.

Although he used the word "capacity," the substance of Smith's complaint is that FEI Equipment, Ltd. does not have standing to sue for breach of the rental agreement. Standing is a component of subject matter jurisdiction and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and a real controversy between the parties that will be actually determined by the judicial declaration sought. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). In reviewing standing on appeal, we construe the petition in favor of the petitioner, and if necessary, review the entire record to determine if any evidence supports standing. *See Tex. Air Control Bd.*, 852 S.W.2d at 446. We review a challenge to a party's standing, as well as a challenge to the trial court's conclusions of law, de novo. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004); *Richardson Indep. Sch. Dist. v. GE Capital Corp.*, 58 S.W.3d 290, 293 (Tex. App. – Dallas 2001, no pet.).

The general rule is that only the parties to a contract have the right to complain of a breach thereof. *Wells v. Dotson,* 261 S.W.3d 275, 284 (Tex. App. – Tyler 2008, no pet.). In contract actions, privity of contract is an essential element of recovery. *See Gonzales County Water Supply, Corp. v. Jarzombek*, 918 S.W.2d 57, 61 (Tex. App. – Corpus Christi 1996, no writ). In order to maintain an action to recover damages flowing from the breach of a written contract, there must be privity existing between the party damaged and the party sought to be

7

held liable for the repudiation of the agreement. *Id*. Additionally, a suit on a sworn account is not an independent cause of action; it is a procedural rule with regard to evidence necessary to establish a prima facie right of recovery of certain types of contractual (account) claims. *See* TEX. R. CIV. P. 185; *Sanders v. Total Heat & Air, Inc.*, 248 S.W.3d 907, 914 (Tex. App. – Dallas 2008, no pet.).

A review of the rental agreement reveals that privity exists between Future Rental Services and Smith. The record shows that Future Rental Services is the assumed name of Equipment Support Services, Inc., an entity that is not a party to this suit. The record also shows that FEI Equipment, Ltd. is not Future Rental Services and not a party to the rental agreement. Therefore, FEI Equipment, Ltd. lacks standing to maintain a cause of action against Smith for breach of the rental agreement or for a sworn account arising out of the agreement. *See Wells*, 261 S.W.3d at 284-85. Accordingly, there is no evidence to support the trial court's conclusion that FEI Equipment, Ltd. was a party to the rental agreement or that Smith is liable to FEI Equipment, Ltd. *Id*. at 285. To the extent Smith complains that the trial court erred in concluding that a contract existed between Smith and FEI Equipment, Ltd., we sustain Smith's sixth and eighth issues.

## CONCLUSION

Appellee CDI Rental Equipment, Ltd. did not exist at the time suit was filed against Smith. Therefore, it did not have standing to assert a claim against him. *See Armes v. Thompson*, 222 S.W.3d 79, 83-84 (Tex. App. – Eastland 2006, no pet.) (Decedent did not have actual or legal existence, did not represent a legal entity for purposes of filing suit, had no standing, and her petition did not invoke the trial court's jurisdiction.). FEI Equipment, Ltd. was not a party to the rental agreement and therefore lacks standing to sue on the agreement. Because issues one, six, eight and twelve present error that is dispositive of the entire case, we need not consider the remainder of Smith's issues. *See* TEX. R. APP. P. 47.1.

Accordingly, we *reverse* the trial court's judgment and *render* judgment dismissing the cause for want of jurisdiction.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)