COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 GARY DAKIL 
 D/B/A 3 N 1 WATER SOLUTIONS,
  
                                    
 Appellant,
  
 v.
  
 LELAND LEGE,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00156-CV
  
                          Appeal from
  
 County Court at Law
  
 of Hood County,
 Texas
  
 (TC # C05382)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

            Gary Dakil d/b/a 3 N 1 Water
Solutions appeals a money judgment of $8,680 for breach of an oral contract to
pay Leland Lege for certain construction work already performed.  For the reasons that follow, we affirm. 

FACTUAL SUMMARY

Lege
filed suit on an oral debt in Hood County, Texas alleging that Dakil “hired [Lege]
(doing business as 2-L Contractors) to perform dirt work on real property
located in Palo Pinto, Texas.”  Lege
claimed Dakil owed a total of $15,940 for work performed.  Dakil filed a general denial and a counterclaim
in which he sued 2-L Contractors, Inc. and Leland Lege d/b/a 2-L Contractors,
alleging he entered into an oral contract with Lege and/or 2-L Contractors,
Inc.  The record is silent as to whether 2-L
Contractors is a separate entity from Lege. 
The only evidence that 2-L Contractors exists appears on the letterhead
of the invoices Lege sent to Dakil.  Appellant
filed a post-trial request for additional findings of fact and conclusions of
law asking the court to find:  (1) 2-L
Contractors, Inc., rather than Leland Lege in his individual capacity, was the
proper party to assert a claim; and (2) Lege lacked standing to bring the suit.
 These issues were brought to the attention
of the trial court for the first time in his request for additional finding of
facts and conclusions of law.

STANDING and CAPACITY

            In
Issue One, Dakil argues that because Lege lacked standing to bring the original
suit, the trial court lacked subject matter jurisdiction.  In reviewing standing on appeal, we construe
the petition in favor of the petitioner and, if necessary, review the entire
record to determine if any evidence supports standing.  Smith v.
CDI Rental Equipment, Inc., 310 S.W.3d 559, 566 (Tex.App.--Tyler 2010, no
pet.).  We review de novo a party’s challenge to standing, as well as a challenge to
the trial court’s conclusions of law.  Id., citing
Tex. Dep’t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 646 (Tex.
2004).  

            A plaintiff must have both standing
and capacity to bring suit.  Austin Nursing Ctr., Inc. v. Lovato, 171
S.W.3d 845, 847 (Tex. 2005).  Standing
focuses on whether a party has a sufficient relationship with the lawsuit so as
to have a justiciable interest in the outcome, whereas capacity is a procedural
issue addressing the personal qualifications of a party to litigate. Id. (internal quotations omitted).  The Texas Supreme Court has distinguished
between these requirements as follows: 

A plaintiff has
standing when it is personally aggrieved, regardless of whether it is acting
with legal authority; a party has capacity when it has the legal authority to
act, regardless of whether it has a justiciable interest in the controversy.

 

Id., quoting
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925 S.W.2d 659, 661
(Tex. 1996).  A party may raise standing
for the first time on appeal, because standing implicates subject matter jurisdiction.
 Nootsie,
Ltd., 925 S.W.2d at 662.  Capacity,
on the other hand, can be waived.  Id. (holding party must comply with
Texas Rule of Civil Procedure 93 and raise capacity complaint in a verified
pleading). 

            Dakil
claims that Lege was not a proper party to the file a breach of contract action
because he brought the original suit based on invoices from 2-L Contractors
Inc. but he had not file an assumed-name certificate.  These complaints relate to capacity rather
than standing.  See Prostok v. Browning, 112 S.W.3d 876, 921 (Tex.App.--Dallas
2003), rev’d in part on other grounds,
165 S.W.3d 336 (Tex. 2005)(“A challenge to who owns a claim raises the issue of
capacity, not standing.”); and Sixth RMA Partners, L.P. v. Sibley, 111
S.W.3d 46, 55 (Tex. 2003)(“[F]ailure to file an assumed name certificate does
not render a plaintiff’s claim void . . . it affects plaintiff’s capacity to
bring suit.”).

Texas
Rule of Civil Procedure 93 requires a party to file a verified pleading if it contends
that the plaintiff lacks capacity to sue unless the truth of such matter appears
of record.  Tex.R.Civ.P. 93(2).  “A party who fails to raise the issue of
capacity through a verified plea waives that issue at trial and on appeal.”  Nine
Greenway Ltd. v. Heard, Googan, Blair & Williams, 875 S.W.2d 784, 787
(Tex.App.--Houston [1st Dist.] 1994, writ denied).  

Because
Dakil failed to verify his pleadings and brought these issues to the attention
of the trial court for the first time in his request for additional findings of
fact and conclusions of law, he has failed to preserve error.  Nor can it be said that the lack of capacity
is readily  apparent on the face of the record.  The clerk’s record clearly demonstrates
Leland Lege d/b/a 2-L Contractors was the only plaintiff.  See
Matice Enters., Inc. v. Gibson, 2005 WL 1838018, *5 (“adding ‘d/b/a’ to a
name does not constitute the creation of a separate legal capacity; rather it
is a term of identification”).  For these
reasons, we overrule Issue One.

FACTUAL SUFFICIENCY

In
Issue Two, Dakil challenges the factual sufficiency of the evidence supporting
the amount of damages.  In reviewing a
point of error assert­ing that a finding is against the great weight and
preponderance of the evidence, we must consider all of the evidence, both the
evidence which tends to prove the existence of a vital fact as well as evidence
which tends to disprove its existence. 
The fact finder shall determine the weight to be given to the testimony
and to resolve any conflicts in the evidence. 
Carrasco v. Goatcher, 623 S.W.2d 769, 772 (Tex.App.--El Paso
1981, no writ).  These findings should be
sustained if there is some probative evidence to support it and provided it is
not against the great weight and preponderance of the evidence.  Id. 
Findings of fact in a bench
trial have the same
force and dignity as a jury's verdict upon questions and are reviewed for legal
and factual sufficiency of the evidence by the same standards.  Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.1996); Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex.1991).
 Thus, we cannot substitute our judgment
for that of the fact finder provided the finding is supported by probative
evidence and is not against the great weight and preponderance of the
evidence.  

            The universal rule for measuring
damages for breach of a contract is just compensation for the loss or damage
actually sustained.  Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 760 (Tex.App.--El
Paso 2000, no pet.).  A non-breaching
party is generally entitled to all actual damages necessary to put it in the
same economic position in which it would have been had the contract not been
breached.  Id. 

Here,
the trial court found: (1) the parties had an agreement where Lege would
perform construction work and Dakil would pay him $31,680; (2) Lege performed
that work; and (3) Dakil paid only $23,000 and refused to pay the remaining
$8,680 as required under the agreement.  While Dakil presented conflicting evidence, he
does not demonstrate that the evidence supporting the findings is contrary to
the overwhelming weight of the evidence.  He merely complains that Lege’s recollection
is faulty or that his testimony was not credible.  This does not establish that the evidence supporting
the trial court’s finding is factually insufficient.  See
Ashcraft v. Lookadoo, 952 S.W.2d 907, 910 (Tex.App.--Dallas 1997, writ
denied)(“[T]he trial court is the sole judge of the witnesses’ credibility and
the weight to be given their testimony.”). 

            We hold, based on our examination of
all of the evidence in the record, that Dakil has not demonstrated that the
evidence supporting the trial court’s findings is “so weak or so against the
overwhelming weight of the evidence that the finding is clearly wrong and
unjust.”  Sanders v. Total Heat & Air, Inc., 248 S.W.3d 907, 912
(Tex.App.--Dallas 2008, no pet.).  We
overrule Issue Two and affirm the trial court’s judgment. 

 

October 24, 2012                                _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

 

Before McClure, C.J., Rivera, and Antcliff, JJ.