# NO. 12-17-00036-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MORTON SALT, INC.,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *DENNIS H. WALKER D/B/A WALKER*<br>*& ASSOCIATES SURVEYING, INC.,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Morton Salt, Inc. appeals the trial court's judgment, rendered after a jury trial, in favor of Dennis H. Walker, d/b/a Walker and Associates Surveying, Inc. In three issues, Morton Salt challenges the legal sufficiency of the evidence to support the judgment. We vacate and dismiss in part and affirm in part.

### BACKGROUND

Morton Salt has operated a mine in a salt dome at Grand Saline in Van Zandt County since 1929. In 1977, the federal Mine Safety and Health Administration began regulating Morton Salt's operation of the mine. The agency requires semiannual surveys to map Morton Salt's underground mining operations. The surveys establish a relationship between the location of surface features and the mine features underground. Establishing this relationship between the surface and underground mining operations helps Morton Salt avoid encroaching onto adjoining properties, allows it to prevent any surface drilling operations from entering the mining area, and if needed, would establish the location of an emergency shaft to reach an underground mining tunnel that had collapsed.

At first, Morton Salt handled its own survey operations. In 1982, Don Yarbrough, rock production manager for Morton Salt at the Grand Saline mine, hired Walker & Associates

Surveying, Inc. (the Corporation) to perform these semiannual surveys. Yarbrough testified that the two companies had a very satisfactory relationship from 1982 until 2008, primarily due to the expertise of Dennis H. Walker, the Corporation's president.

Yarbrough testified that after 2008, errors began appearing in the surveys received from the Corporation. Morton Salt had to correct these surveys. Morton Salt last ordered surveying work from the Corporation in December of 2010. The evidence at trial showed that through 2010 all invoices presented to Morton Salt by the Corporation had been timely paid.

However, in December of 2011, the Corporation submitted an invoice for work allegedly performed in 2011. Yarbrough instructed Morton Salt not to pay the invoice because the work was never requested, and a purchase order was never issued. In 2012, Dennis H. Walker filed a mechanic's lien against Morton Salt. The following year, Dennis H. Walker, d/b/a Walker & Associates Surveying, Inc., filed suit against Morton Salt asserting breach of contract and suit on a sworn account. Morton Salt counterclaimed, alleging breach of contract and a claim for a fraudulent lien pursuant to Texas's false lien statute. The case was tried to a jury and, based on its findings, the trial court rendered judgment in favor of Dennis H. Walker, d/b/a Walker & Associates Surveying, Inc. against Morton Salt, awarding Walker $9,118.64, with interest, attorney's fees in the amount of $32,421, and costs in the amount of $1,958.49. The trial court also ordered that Morton Salt take nothing on its claims against Walker. Morton Salt timely appealed.

## STANDING AND CAPACITY

In its first issue, Morton Salt contends that Walker sued in his individual capacity but does not have standing to bring this suit as an individual. Therefore, it asserts that the trial court lacked jurisdiction over Walker's suit, and the judgment should be vacated. Walker responds that his standing to bring suit is not the issue, but rather his capacity to bring suit. He asserts that Morton Salt waived this complaint by failing to file a verified pleading contesting his capacity to bring the suit.

### Standard of Review

Because standing is a question of subject matter jurisdiction, we consider standing under the same standard by which we review subject matter jurisdiction generally. *Tex. Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). That standard requires the pleader to

allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id*. We review a challenge to a party's standing de novo. ***Smith v. CDI Rental Equip., Ltd***., 310 S.W.3d 559, 566 (Tex. App.—Tyler 2010, no pet.). The issue of standing may be raised for the first time on appeal. ***Austin Nursing Ctr., Inc. v. Lovato***, 171 S.W.3d 845, 849 (Tex. 2005).

## Standing and Capacity Distinguished

The requirement of standing is implicit in the Texas Constitution's open court's provision, which contemplates access to the courts only for those litigants suffering an injury. ***M.D. Anderson Cancer Ctr. v. Novak***, 52 S.W.3d 704, 708 (Tex. 2001). Standing focuses on the question of who may bring an action. *Id*. The issue is whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome. *Lovato*, 171 S.W.3d at 848. The plaintiff has standing when it is personally aggrieved, regardless of whether it is acting with legal authority. *Id*. at 848-49. In Texas, the standing doctrine requires that there be (1) "a real controversy between the parties," that (2) "will be actually determined by the judicial declaration sought." *Id*. (quoting ***Tex. Ass'n of Bus***., 852 S.W.2d 443-44). If a plaintiff lacks standing to assert his claims, the court must dismiss the whole action for want of jurisdiction*. **Heckman v. Williamson Cty.***, 369 S.W.3d 137, 150-51 (Tex. 2012).

The issue of capacity "is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate." *Lovato*, 171 S.W.3d at 848 (citing 6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, AND MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1559, at 441 (2d ed. 1990)). For example, minors and incompetents are considered to be under a legal disability and are therefore unable to sue or be sued in their individual capacities; such persons are required to appear in court, through a legal guardian, a "next friend," or a guardian ad litem. *Id*. at 849. A party has capacity when it has legal authority to act, regardless of whether it has a justiciable interest in the controversy. *Id*. at 848-49. A plaintiff must have both standing and capacity to bring a lawsuit. *Id*. at 848. Unlike standing, however, which may be raised at any time, a challenge to a party's capacity must be raised by a verified pleading in the trial court. *Id*. at 849.

## Requirements for Standing

A general rule is that only parties to a contract have the right to complain of a breach thereof. *Smith*, 310 S.W.3d at 566. In contract actions, privity of contract is an essential element of recovery. *Id*. In order to maintain an action to recover damages flowing from the

breach of a written contract, there must be privity existing between the party damaged and the party sought to be held accountable for the repudiations of the agreement. *Id*. Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate. *Hall v. Douglas*, 380 S.W.3d 860, 873 (Tex. App.—Dallas 2012, no pet.). Only the person whose primary legal right has been breached may seek redress for an injury. *Id*.

A cause of action against one who has injured a corporation belongs to the corporation and not to the shareholder. *Swank v. Cunningham*, 258 S.W.3d 647, 661 (Tex. App.—Eastland 2008, pet. denied). A corporate stockholder cannot recover damages personally for a wrong done solely to the corporation, even though he may be injured by that wrong. *Id*. (citing *Wingate v. Hajdik*, 795 S.W.2d 717, 719 (Tex. 1990)). A plaintiff who seeks individual redress based on allegations concerning wrongs done to a corporation lacks standing. *Redmon v. Griffith*, 202 S.W.3d 225, 233 (Tex. App.—Tyler 2006, pet. denied). A cause of action for injury to a corporation is vested in the corporation, as distinguished from its shareholders, even though the damage may result indirectly in the loss of earnings to the shareholders. *See id*. Such action must be brought by the corporation to avoid a multiplicity of suits by stockholders, and so the damages that are recovered may be available for the payment of the corporation's creditors, and for proportional distributions to the stockholders, its dividends, or for such other purposes as the directors may lawfully determine. *Wingate*, 795 S.W.2d at 719.

## Discussion

Morton Salt introduced its purchase order showing the supplier as Walker & Associates Surveying, Inc. Don Yarbrough, Morton Salt's rock production manager, testified that the purchase order, which requests surveying work for compensation, is a contract. The only invoice admitted into evidence by the trial court for this sworn account action identified the service provider as "Walker and Associates, Inc." The plaintiff in the lawsuit was identified as "Dennis H. Walker d/b/a Walker and Associates Surveying, Inc." The invoice showed that corporate employees had supposedly performed the work.

First, only a party to the contract has a right to bring a cause of action in a Texas court. *See Smith*, 310 S.W.3d at 566. As an individual, Walker did not have privity with Morton Salt and was thus unable to obtain a judgment against it. *See id*. Secondly, a corporate shareholder cannot recover a judgment as an individual on a corporate invoice because he is not personally aggrieved. *See Wingate*, 795 S.W.2d at 719. It was therefore a legal requirement that Walker

4

and Associates Surveying, Inc., in its corporate form, bring suit against Morton Salt. *See id*. It did not.

Accordingly, Walker, who was not a party to the transaction, did not have standing to sue on the account individually, or to sue individually on behalf of the Corporation. *See Smith*, 310 S.W.3d at 566; *Redmon*, 202 S.W.3d at 233. Because Walker does not have a justiciable interest in the lawsuit, Morton Salt correctly argued that Walker lacks standing to bring the cause of action. *See Lovato*, 171 S.W.3d at 848-49. Therefore, the trial court did not have subject matter jurisdiction to hear Walker's cause. *Tex. Ass'n of Bus*., 852 S.W.2d at 446. We sustain Morton Salt's first issue. Due to our disposition of issue one, we do not reach Morton Salt's third issue on appeal. *See* TEX. R. APP. P. 47.1.

## MECHANIC'S LIEN

In its second issue, Morton Salt contends the trial court erred in failing to grant its motion for judgment notwithstanding the verdict (JNOV) on its claim for wrongful lien. It argues that Walker filed a lien in his individual capacity alleging that Morton Salt owed him money pursuant to a contract, but Morton Salt owed no money to Walker individually. Claiming that Walker filed the lien with knowledge that it was fraudulent, Morton Salt argues that the evidence is legally insufficient to support the jury's finding in Walker's favor on Morton Salt's statutory claim for wrongful lien.

### Standard of Review

A trial court may disregard a jury's findings and grant a motion for judgment notwithstanding the verdict when a directed verdict would have been proper. TEX. R. CIV. P. 301; *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003) (per curiam); *Fort Bend Cty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). A motion for judgment notwithstanding the verdict should be granted when (1) the evidence is conclusive and one party is entitled to recover as a matter of law or (2) a legal principle precludes recovery. *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990); *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 806 (Tex. App.−Dallas 2011, no pet.). Thus, we review the denial of a motion for judgment notwithstanding the verdict under a legal sufficiency standard. *Ginn v. NCI Bldg. Sys., Inc.*, 472 S.W.3d 802, 843 (Tex. App.−Houston [1st Dist.] 2015, no pet.).

5

When a party attacks the legal sufficiency of an adverse finding on which it had the burden of proof, it must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of its proposed disposition. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In making this determination, we must credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. *Id*. The finder of fact is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *Id*. at 819.

## Applicable Law

To establish a claim for liability related to a fraudulent lien, the claimant must prove that the party who obtained the lien did so with knowledge that it is fraudulent, that he intended the document be given legal effect, and he intended to cause financial injury. TEX. CIV. PRAC. & REM. CODE ANN. § 12.002 (West 2017); *James v. Calkins*, 446 S.W.3d 135, 149 (Tex. App.−Houston [1st Dist.] 2014, pet. denied).

## Discussion

The jury was asked if Walker filed the lien (1) with knowledge that it was fraudulent and (2) with intent that it be given the same legal effect as if it had been created under the laws of this state and intent to cause Morton Salt to suffer financial injury. The jury answered "No." In Morton Salt's motion for JNOV, and again on appeal, it argued that Walker, individually, had no contract with Morton Salt. Therefore, it asserted, Walker knew or should have known that the lien, which sought to recover funds owed, if at all, to the Corporation, was fraudulent. Assuming this is true, knowledge that the lien was fraudulent is only one of the elements Morton Salt had to prove at trial. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a); *James*, 446 S.W.3d at 150. Morton Salt did not argue, in its motion for JNOV or on appeal, that Walker filed the lien with the requisite intent. Neither does it include appropriate citations to the record indicating where we can find evidence showing the requisite intent as required by the rules of appellate procedure. *See* TEX. R. APP. P. 38.1(i). This court is not required to sift through the record in search of facts supporting a party's position. *Rubsamen v. Wackman*, 322 S.W.3d 745, 746-47 (Tex. App.−El Paso 2010, no pet.).

6

Morton Salt has not shown that reasonable and fair minded people would not have answered no to the question asking whether Walker violated the wrongful lien statute. *See City of Keller*, 168 S.W.3d at 827. Accordingly, Morton Salt has not shown, as a matter of law, all vital facts in support of its proposed disposition. *See Dow Chem. Co.*, 46 S.W.3d at 241. Therefore, the trial court did not err in denying Morton Salt's motion for JNOV. We overrule Morton Salt's second issue.

## DISPOSITION

Because the trial court lacked subject matter jurisdiction over Walker's lawsuit, we *vacate* the portion of the trial court's judgment ordering that Walker recover from Morton Salt damages, interest, costs, and attorney's fees. We *dismiss* Walker's case against Morton Salt for want of jurisdiction. *See Juarez v. Tex. Ass'n of Sporting Officials El Paso Chapter*, 172 S.W.3d 274, 281 (Tex. App.—El Paso 2005, no pet.); *see also Bynum v. Lewis*, 393 S.W.3d 916, 920 (Tex. App.—Tyler 2013, no pet.).

We *affirm* the trial court's take nothing judgment against Morton Salt on its claim for wrongful lien.

JAMES T. WORTHEN
Chief Justice

Opinion delivered July 19, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 19, 2017

NO. 12-17-00036-CV

**MORTON SALT, INC.,**
Appellant
V.
**DENNIS H. WALKER D/B/A WALKER & ASSOCIATES SURVEYING, INC.,**
Appellee

Appeal from the County Court at Law
of Van Zandt County, Texas (Tr.Ct.No. CV04950)

THIS CAUSE came to be heard on the appellate record and briefs filed herein; and the same being considered, it is the opinion of this court that there was error in the judgment of the court below. In accordance with this court's opinion of this date, the judgment of the trial court is **modified** as follows:

It is therefore ORDERED, ADJUDGED and DECREED by this Court that the portions of the judgment of the trial court awarding Dennis H. Walker d/b/a Walker & Associates Surveying, Inc. $9,118.64 in damages, and all awards for prejudgment interest, postjudgment interest, attorney's fees, and costs are hereby **vacated** and the case against Morton Salt, Inc. is **dismissed for want of jurisdiction;**

It is further ORDERED, ADJUDGED, and DECREED that the judgment of the trial court is **affirmed** in all other respects.

It is further ORDERED that all costs of this appeal are hereby adjudged against the party incurring same; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*