

# NUMBER 13-18-00056-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MICHAEL BALDERAZ ON
BEHALF OF THE ESTATE
OF JOSEPHINE BALDERAZ,                                    Appellants,

v.

DAN MARTIN, M.D.; SURGICAL
ASSOCIATES – CORPUS CHRISTI, L.L.P.,                     Appellees.

### On appeal from the 28th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Benavides**

Appellant, Michael Balderaz, on behalf of the estate of Josephine Balderaz,

challenges the trial court's dismissal of his medical malpractice action against Josephine's

doctors on two grounds.[1]  The original petition was brought in Josephine's name although she had died five months earlier.  Michael argues that he cured any defect in capacity to bring suit by his amended petition, the original petition contained only a misnomer that related back to the original filing, and the trial court erroneously dismissed his petition for lack of subject matter jurisdiction.  Michael next challenges the attorneys' fees awarded as sanctions on the grounds that there is no legal basis for sanctions and the amount of the fees awarded is not supported by legally sufficient evidence.  We affirm in part and reverse and render in part.

## I.  BACKGROUND

Dan Martin, M.D. removed Josephine's gallbladder by laparoscopic surgery in July 2014.  Before the surgery, Josephine had been diagnosed with gall stones that filled her gall bladder and obstructed her common bile duct.  During the surgery, Dr. Martin clipped and transected the common bile duct.  The next day, Josephine was transferred to a different hospital and to the care of a hepatobiliary surgeon to undergo reconstruction of her common bile duct.  She remained hospitalized until August 6, 2014.

Two years later, on July 29, 2016, plaintiff's counsel filed the present suit against Dr. Martin and Surgical Associates-Corpus Christi, L.L.P., appellees, (collectively Dr. Martin) on behalf of Josephine.  According to her petition, Dr. Martin's failure to protect the common bile duct from damage during surgery was a breach of the standard of care that resulted in additional surgery and two months of long-term care instead of discharge

---

[1] To readily distinguish between Josephine Balderaz and Michael Balderaz, we refer to them by their first names.

2

post-surgery. Counsel was unaware that Josephine, who was eighty-five, died in March 2016 from hypertensive cardiovascular disease.[2] Josephine was survived by her son Michael.

On July 30, 2017, Dr. Martin filed a motion to dismiss on the grounds that the petition did not invoke the jurisdiction of the trial court because Josephine did not have standing to prosecute her claim at the time the petition was filed. The motion also requested attorneys' fees as sanctions.

On October 11, 2017, Michael filed a suggestion of death pursuant to rule 151. TEX. R. CIV. P. 151. The same day, Michael filed an amended petition naming himself as plaintiff on behalf of the estate of Josephine Balderaz, deceased. By that time, limitations had expired. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251. Michael responded to the motion to dismiss. A hearing was held on October 13, 2017. The trial court granted the motion on October 16, 2017, and dismissed the suit with prejudice. This appeal followed.

## II. STANDING

By his first issue and several sub-issues, Michael argues that the issue is one of capacity, not standing, and that the trial court erred by dismissing the case for lack of jurisdiction once the capacity issue had been cured. Michael also argues that Josephine had standing to bring suit through her estate and thus invoked the trial court's jurisdiction. Finally, Michael argues that this is a misnomer case, and his amended petition related

---

[2] Counsel represented at the motion to dismiss hearing that she did not learn that Josephine had died until after the original petition was filed.

3

back to his original timely filing.[3]    Because standing is jurisdictional and Michael's other arguments are not, we address standing first.

## A.    Standard of Review

"As a component of subject matter jurisdiction, we review a claimant's standing de novo." *Texas Dept. of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).   Standing is a question of law.   *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).   "In evaluating standing, we construe the pleadings in the plaintiff's favor, but we also consider relevant evidence offered by the parties."   *Id.*

## B.    Does a Deceased Have Standing to Sue?

"A plaintiff must have standing to bring a lawsuit."   *Wassmer v. Hopper*, 463 S.W.3d 513, 523 (Tex. App.—El Paso 2014, no pet.).   "Standing concerns whether a party has a sufficient relationship with the lawsuit to have a justiciable interest in its outcome."   *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).   "In the absence of standing, a trial court lacks subject matter jurisdiction to hear the case."   *Id.* at 849.   Because standing is essential to subject matter jurisdiction, Texas courts require "the pleader to allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause."   *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

We begin with whether a person who is deceased at the time suit is brought is a

---

[3] The relation-back statute provides:

> If a filed pleading relates to a cause of action, cross action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.

TEX. CIV. PRAC. & REM. CODE ANN. § 16.068.

4

"person" who may recover for injuries sustained when she was alive. A claim for personal injuries survives the death of an injured person, but it "survives to and in favor of the heirs, legal representatives, and estate of the injured person." TEX. CIV. PRAC. & REM. CODE. ANN. § 71.021(b). Section 71.021 "provides that only a personal representative, administrator, or heir may sue on behalf of an estate." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). Immediately upon death, property belonging to a person, including a cause of action, vests in the estate or heirs of the deceased. *See* TEX. EST. CODE ANN. § 100.001(a); *Casey v. Kelley*, 185 S.W.2d 492, 493 (Tex. App.—Fort Worth 1945, writ ref'd). Thus the suit could be brought on Josephine's behalf after she died *only* by a person named as representative of her estate or as her heir. When Josephine died, she ceased to exist as a person and thus no longer had standing to assert her claim. *See Armes v. Thompson*, 222 S.W.3d 79, 83 (Tex. App.—Eastland 2006, no pet.) (holding suit brought in the name of a deceased plaintiff was a nullity because the deceased lacked standing). The suit here, like the suit in *Armes,* was brought as if Josephine was alive and sought future medical expenses and other forward-seeking damages, but Josephine no longer existed and her claims vested in her beneficiaries or her estate who had the sole right to bring suit to recover for her injuries. *Id.* As a result, suit brought in Josephine's name did not invoke the trial court's jurisdiction. *See id.* The trial court properly dismissed Josephine's suit for lack of jurisdiction. *See Pluet v. Frasier*, 355 F.3d 381, 386 (5th Cir. 2004) (dismissing suit on summary judgment because plaintiff did not have standing to bring suit); *Smith v. CDI Rental Equip., Ltd.*, 310 S.W.3d 559, 567 (Tex. App.—Tyler 2010, no pet.) (dismissing

case on sworn account based upon plaintiff's lack of standing).

Michael argues that the issue is one of capacity, not standing, that he was Josephine's sole heir and he cured the issue of capacity before the trial court dismissed the suit. We agree that capacity issues can be cured. *See Lovato*, 171 S.W.3d at 853. During the course of the litigation, Lovato filed an application for independent administration of her mother's estate and was appointed after limitations expired. *Id.* She amended her petition and the Supreme Court held that the amendment related back. *Id.* at 852; *see also Gomez v. Tex. Windstorm Ins. Ass'n*, No. 13-04-598-CV, 2006 WL 733957, at *2 (Tex. App.—Corpus Christi–Edinburg Mar. 23, 2006, pet. denied) (mem. op.) ("It is undisputed that the all interested parties knew from the start of the lawsuit that Agapito had died before the suit was filed; thus, it was clear to all involved that the estate of Agapito, not Agapito himself, was filing the suit.").

The difference between *Lovato* and Michael is that Lovato originally filed suit as the personal representative of her mother's estate, not as her mother. *Id.* at 846. That difference is critical. Here the original suit was filed by Josephine and did not invoke the trial court's jurisdiction as we have explained. Michael's amended petition for the first time pleaded claims that he had both standing and capacity to raise but was filed after limitations expired. Michael's claim that the problem here is one of capacity that he cured, does not fit the facts of those cases. *See Lovato*, 171 S.W.3d at 853; *see also Gomez,* 2006 WL 733957, at *2.

Because we hold that Josephine's original petition had a jurisdictional defect, Michael's efforts to cure his claimed capacity and misnomer issues were too late and did

not relate back because the first suit preserved nothing. *See Pluet*, 355 F.3d at 385; *Armes*, 222 S.W.3d at 83. As a result, his suit was properly dismissed with prejudice.

We overrule Michael's first issue and sub issues.

### III. ATTORNEYS' FEES

By his second issue Michael challenges the legal basis for the trial court's award of sanctions and the legal sufficiency of the evidence supporting the award of attorneys' fees. Dr. Martin was awarded $16,152.03 in attorneys' fees in the trial court, conditional attorneys' fees of $25,000 for appeal to this Court, and $30,000 in conditional fees for appeal to the Texas Supreme Court.

### A. Standard of Review

We review a trial court's imposition of sanctions for abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 409 (Tex. 2014) (considering sanctions pursuant to Rule 13 and Chapter 10 of the Civil Practice and Remedies Code); *Randolph v. Jackson Walker L.L.P.*, 29 S.W.3d 271, 276 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (considering Rule 13 sanctions). In deciding whether the trial court abused its discretion, we determine whether the trial court's decision was arbitrary or unreasonable. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex. 1984). Put another way, a trial court abuses its discretion in imposing sanctions only if it bases its order on an erroneous view of the law or a clearly erroneous assessment of the evidence. *Robson v. Gilbreath*, 267 S.W.3d 401, 405 (Tex. App.—Austin 2008, pet. denied); *Home Owners Funding Corp. v. Scheppler*, 815 S.W.2d 884, 887–89 (Tex. App.—Corpus Christi–Edinburg 1991, no writ). The trial court must examine the facts available to the litigant

7

and the circumstances existing at the time the pleading was signed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(b); *Robson,* 267 S.W.3d at 405. One purpose of the rule is to check abuses in the pleading process—that is, to ensure that at the time the challenged pleading was filed, the litigant's position was factually grounded and legally tenable. *Robson,* 267 S.W.3d at 405.

## B. Discussion

### 1. Basis of Sanctions

The trial court's order does not state the basis for its award of attorney's fees. In Dr. Martin's motion to dismiss, he requested fees as sanctions on one of three different grounds: §§ 9.012(e), 12.002, and 30.021[4] of the Civil Practice and Remedies Code on the grounds that the original petition was groundless and in bad faith. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.012, 12.002, 30.012.

---

[4] Section 9.012(e)(3) provides authority for the trial court to "to pay to a party who stands in opposition to the offending pleading the amount of the reasonable expenses incurred because of the filing of the pleading, including costs, reasonable attorney's fees, witness fees, fees of experts, and deposition expenses." TEX. CIV. PRAC. & REM. CODE ANN. § 9.012(e)(3).

Section 12.002 states in pertinent part:

> (a) A person may not make, present, or use a document or other record with:
>  (1) knowledge that the document or other record is a fraudulent court record . . . ;
>
> (b) A person who violates Subsection (a) or (a-1) is liable to each injured person for:
>  (1) the greater of:
>   (A) $10,000; or
>   (B) the actual damages caused by the violation;
>
>  (2) court costs;
>  (3) reasonable attorney's fees; and
>  (4) exemplary damages in an amount determined by the court.

*Id.* § 12.002.

Section 9.012 provides sanctions for groundless pleadings that are filed in bad faith or for an improper purpose. *See id.* § 9.012. Sanctions may be available under § 9.012 for the violation Dr. Martin alleged.[5]

Under Chapter 12, sanctions are available for the use of a fraudulent court record which is defined by the Penal Code as a "decree, judgment, order, subpoena, warrant, minutes, or other document issued by a court of" this state or the United States. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.001(1); Tex. Penal Code Ann. § 37.001. Although the trial court did not specify a basis for its order, Chapter 12 does not support sanctions here because there is no court issued document that was used fraudulently. *See* Tex. Civ. Prac. & Rem. Code Ann. § 12.002.

Section 30.021 provides that attorney's fees are available in motions to dismiss brought pursuant to those rules adopted by the Texas Supreme Court pursuant to Texas Government Code § 22.004(g), which refers to Rule 91a. *See id.* § 30.021; Tex. Govt. Code Ann. § 22.004; Tex. R. Civ. P. 91a.[6] However, Dr. Martin did not mention Rule 91a in his motion, nor did the trial court mention Rule 91a in its order. As a result, we do not

---

[5] There is a question whether chapter 9 applies here based upon § 9.012(h) which states, "This section does not apply to any proceeding to which Section 10.004 or Rule 13, Texas Rules of Civil Procedure, applies." Tex. Civ. Prac. & Rem. Code Ann. § 9.012(h). However, Michael does not challenge the imposition of sanctions on that basis.

[6] Rule 91a.7 states:

Award of Costs and Attorney Fees Required. Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the court must award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. The court must consider evidence regarding costs and fees in determining the award.

Tex. R. Civ. P. 91a.7.

9

consider Rule 91a in our analysis of the propriety of the trial court's award of attorneys' fees.

Because §§ 12.002 and 30.021 do not support sanctions, if the sanctions can be upheld, they must be upheld under § 9.012. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 9.012, 12.002, 30.021.

### 2. Groundless and Brought in Bad Faith or For Harassment

Dr. Martin's motion to dismiss argued that Josephine's original petition was groundless and filed in bad faith because it was filed as if Josephine was alive. The motion argues that because the petition sought recovery of future damages that were not recoverable at the time of filing, the petition could be considered fraudulent. The motion included no separate argument on bad faith.

"Groundless" is defined by § 9.001(3) to mean a pleading or motion that has no basis in law or fact and is not warranted by a good faith argument for the extension, modification, or reversal of existing law. TEX. CIV. PRAC. & REM. CODE ANN. § 9.001(3). A lawyer who signs a pleading under Chapter 9 certifies that after reasonable inquiry, the pleading is not groundless or brought in bad faith, for purposes of harassment, or interposed for any improper purpose. *Id.* "A trial court may not base Rule 13 sanctions on the legal merit of a pleading or motion." *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.). Because Rule 13 punishes similar conduct as § 9.012, cases interpreting Rule 13 are instructive in interpreting § 9.012. *See Lake Travis Indep. Sch. Dist. v. Lovelace*, 243 S.W.3d 24, 256 (Tex. App.—Austin 2007, no pet.); *see also Rogers v. Walker*, No. 13-12-00048-CV, 2013 WL 2298449, at *7 (Tex.

10

App.—Corpus Christi–Edinburg May 23, 2013, pet. denied) (mem. op.) (considering sanctions under Rule 13 and Chapters 9 and 10 of the Civil Practice and Remedies Code).

Although the factual basis of the alleged malpractice as to Dr. Martin could have merit, filing a petition on behalf of a person or entity that does not have a legal existence and thus does not invoke the jurisdiction of the court meets the very definition of groundless because the trial court has no authority to grant relief. *See Armes*, 222 S.W.3d at 83. Michael's counsel admitted at the motion to dismiss hearing that she did not know Josephine was dead at the time the original petition was filed. However, Chapter 9 requires that a pleading be both groundless *and brought in bad faith*. (emphasis added). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 9.012.

During the hearing, Dr Martin's counsel did not produce or argue evidence of bad faith or even that bad faith was required before sanctions could be awarded under Chapter 9. *See id.* § 9.012. Michael's briefing in the trial court pointed out that requirement, although the issue was not raised during the hearing.

Bad faith requires an improper motive; it means the conscious doing of a wrong for dishonest, discriminatory, or malicious purpose, not simply bad judgment or negligence. *See Elkins*, 103 S.W.3d at 669; *Wallace v. Inv. Advisors, Inc.*, 960 S.W.2d 885, 889 (Tex. App.—Texarkana 1997, pet. denied); *Campos v. Ysleta Gen. Hosp., Inc.*, 879 S.W.2d 67, 71 (Tex. App.—El Paso 1994, writ denied); *see also Rogers*, 2013 WL 2298449, at *8 ("Bad faith is not simply bad judgment or negligence but means the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes"). The

11

attorney who filed the allegedly groundless pleading in *Elkins* did not testify and the sanctions were reversed on the grounds that there was no evidence of bad faith or motive to harass. *Elkins*, 103 S.W.3d at 669. Failure on counsel's part to properly craft a petition does not necessarily constitute bad faith or improper motive. *See Dike v. Peltier Chevrolet, Inc.*, 343 S.W.3d 179, 191 (Tex. App.—Texarkana 2011, no pet.) (reversing sanctions on claims brought after limitations holding that even if pleading was groundless, [b]ad faith does not exist when a party exercises bad judgment or negligence.); *see also Rogers*, 2013 WL 2298449, at *8.

Dr. Martin argues on appeal that trial counsel's failure to inquire constitutes groundless pleading which necessarily equates to bad faith but the case law does not support that position. Counsel further argues that because the lawsuit had been on file for more than a year before counsel amended the pleadings and sought to correct the error further supports a finding of bad faith but produced no evidence of what counsel knew or when she learned of Josephine's death. This lawsuit had an apparent factual basis supported by an expert report that was unchallenged by defense counsel, unlike the negligent entrustment case, *Robson*, cited by Dr. Martin. *See Robson v. Gilbreath*, 267 S.W.3d 401, (Tex. App.—Austin 2008, pet. denied) (imposing Rule 13 sanctions for failure to make adequate inquiry before filing petition, without making a finding of bad faith). However, here, counsel named the wrong plaintiff. That error can be but is not necessarily evidence of bad faith.

Without more than counsel's admission that she did not know of Josephine's death at the time she filed the original petition, the trial court did not have evidence to support a

finding of bad faith.  As a result, the trial court abused its discretion by imposing sanctions because there was no evidence of bad faith.  *See Karlock v. Schattman*, 894 S.W.2d 517, 524 (Tex. App.—Fort Worth 1995, orig. proceeding) (holding that when counsel did not testify regarding his affidavit, the trial court had no evidence from which to determine that counsel acted in bad faith and thus sanctions imposed were an abuse of discretion); *see also Benavides v. Knapp Chevrolet, Inc.*, No. 01-08-00212-CV, 2009 WL 349813, at *5 (Tex. App.—Houston [1st Dist.] Feb. 12, 2009, no pet.) (mem. op) (reversing sanctions due to lack of evidence of bad faith or motive to harass); *compare with Estate of Aguilar*, 492 S.W.3d 807, 814–15 (Tex. App.—San Antonio 2016, pet. denied) (affirming sanctions where bad faith and harassing motivation apparent from filings and proceedings).

We sustain Michael's second issue as to the imposition of sanctions but do not reach the calculation of attorneys' fees.

## IV.    CONCLUSION

We affirm the trial court's judgment in part and reverse and render the award of attorney's fees.

GINA M. BENAVIDES,<br>
Justice

Delivered and filed the
21st day of November, 2019.

13